317 So.2d 860 (1975)
Ursel LUDEMANN, Appellant,
v.
Manfred LUDEMANN, Appellee.
No. 74-1471.
District Court of Appeal of Florida, Fourth District.
August 8, 1975.
*861 Phillip T. Crenshaw and Curtis L. Witters of Hamilton, James, Merkle & Young, Boynton Beach, for appellant.
Robert E. Oglesby of Simpson, Anstead & Brodbeck, West Palm Beach, for appellee.
OWEN, Judge.
When this domestic litigation was previously before us on the husband's appeal from a final judgment, we affirmed the judgment and granted the wife's motion for attorney's fees on appeal, remanding to the trial court for the assessment of such fees pursuant to Rule 3.16(e) F.A.R. Thereafter, upon notice and hearing the trial court entered the following order which the wife now asks us to review:
"On September 26, 1974, this Court heard the Petitioner's Motion for Attorneys' Fees with respect to the appeal taken herein by the Respondent. This Court was directed by the District Court of Appeal, Fourth District, to fix a reasonable fee for counsel for the Petitioner (Appellee). The Court does not have the benefit of the full court file, which is apparently still reposed with said appellate court. It is obvious that said appellate court is in a far better position to make the assessment requested since the proceedings and legal services for which compensation is sought were before said higher court.
"The Petitioner offered expert testimony that the services of her attorney should be fixed at $1,500. The Respondent has offered no testimony other than asserting that the Petitioner is now employed, that such a fee is unreasonable, and that the Petitioner is entitled to no allowance.
"Accordingly, it is adjudged that a reasonable attorneys' fee with respect to the appeal herein for the Petitioner's attorney of record is $250.00."
This case presents the opportunity for us to set out some guidelines on the matter of the allowance and assessment of attorney's fees for services in the appellate court in dissolution of marriage cases, a subject which is not without some practical problems.
The question of whether to award attorney's fees for services on appeal in domestic litigation is a prerogative of the appellate court. Generally, this is determined primarily on a consideration of the financial resources of the parties as reflecting one party's need for, and the other party's ability to pay, reasonable attorney's fees. Where such is not readily apparent from the record then the appellate court usually ascertains whether the trial court awarded attorney's fees to either party for services in the trial court, as there would be implicit in such award a factual determination by the trial court of one party's need for, and the other party's ability to pay, a reasonable attorney's fee. If there was an award of attorney's fees in the *862 trial court, and such award is not contested on appeal (or if contested, is affirmed), the appellate court then has a sound basis to conclude, in the absence of extenuating circumstances, that an allowance of attorney's fees for services rendered in the appellate court would also be justified. Of course, the matter of allowance of attorney's fees in domestic litigation is always a matter of sound judicial discretion. If an allowance might otherwise appear proper, but extenuating circumstances are shown, such as a substantial change in the financial resources of the parties occurring subsequent to the trial, or that the one seeking the allowance of an attorney's fee on appeal has taken an appeal which is wholly frivolous and vexatious, the court well may deny any allowance of fee. Any extenuating circumstance should be brought to the attention of the appellate court promptly in response to the motion seeking the allowance of an attorney's fee.
If the appellate court determines, in the exercise of its sound discretion, to allow an attorney's fee for services in the appellate court, it may assess the amount of such fee, or it may, as we did in this case, elect to utilize the provisions of Rule 3.16(e) F.A.R. to authorize the trial court to assess the amount of such attorney's fee upon remand. The latter alternative is usually the more preferable, and the reason is quite simple. An appellate court is not equipped to conduct evidentiary hearings and thus for it to assess the amount of the fee it would either have to do so solely on the basis of affidavits and counteraffidavits (which is an undesirable practice in the absence of the agreement of the parties to such) or would have to appoint a commissioner to take testimony and report the same back to the court (which is a cumbersome process).
Turning more specifically to this case, we determined from the record that the wife was entitled to an award of attorney's fees on appeal, and entered an order to that effect. The issue of her entitlement vel non to the award of attorney's fees was thus settled by our order, which left to the trial court upon remand only the assessment of the amount thereof.
The proceedings before the trial court at the hearing on the motion to assess attorney's fees were not reported, but the trial court's order adequately sets forth the substance of the matters before the court at that time. We think it clear from the court's order that the amount awarded to the wife as attorney's fees for services in the appellate court was not the result of the court's determination that such amount was the reasonable value of the services rendered on appeal, but instead was due to the court having reevaluated the question of the wife's need for, and the husband's ability to pay, a reasonable attorney's fee. As we have stated above, that question was not before the trial court for determination.
The order appealed is reversed and this cause remanded to the trial court for reconsideration of the amount of attorney's fees to be awarded the wife's attorney for services rendered on the prior appeal in this cause, consistent with the views herein expressed.
Reversed and remanded.
CROSS and MAGER, JJ., concur.