RYDER, Judge.
Wanda Lee Schneider appeals from the order awarding her attorney’s fees, alleging that the fee was apportioned contrary to a prior agreement and order. We agree and reverse.
The parties obtained a final judgment of dissolution, from which both appealed. The appeals were voluntarily dismissed after the parties stipulated to amendments to the final judgment including that:
The husband shall pay to the wife a reasonable attorney’s fee as set forth in Paragraph H of the Final Judgment of Dissolution of Marriage, said amount to be determined by the trial court upon reasonable notice to the husband and his counsel so that further testimony may be taken, and the husband can present testimony regarding said fee.
After hearing testimony that a reasonable fee would be in the area of $7,000.00, the court found that a reasonable attorney’s fee would be $7,425.00. The court ordered the appellee to pay two-thirds of that fee, or *312 $4,950.00. On rehearing, the court added supplemental fees of $325.00 and costs of $481.07.
' Appellant urges that the court had no discretion at that stage to remake the terms of a valid property settlement as evidenced by the stipulation, and thus could not apportion the fees. We agree that the lower court was bound by the stipulation. See Borowiak v. Borowiak, 341 So.2d 286 (Fla.2d DC A 1977). We note that the agreement provides for award of a reasonable fee to appellant and does not provide for apportionment of that fee. Having found that a reasonable fee was $7,425.00, the court’s judicial labor was complete. The trial court had no lawful basis on which to apportion that fee between the parties.
The order awarding fees is reversed, and the case remanded for entry of an order awarding appellant fees of $7,425.00 and costs of $481.07. We grant appellant’s motion for appellate attorney’s fees, and direct the lower court to determine the amount of a reasonable appellate attorney’s fee to be awarded to appellant.
BOARDMAN, Acting C. J., and OTT, J., concur.