433 So.2d 682 (1983)
Avie Lee THORNTON, Appellant,
v.
Lacy THORNTON, Jr., Appellee.
No. 82-812.
District Court of Appeal of Florida, Fifth District.
June 30, 1983.
*683 Carl Jackson Moore, Palatka, for appellant.
Tito S. Smith of Hedstrom & Smith, Palatka, for appellee.

OPINION AND ORDER ON MOTION FOR ATTORNEY FEES
COBB, Judge.
The appellant wife, Avie Thornton, asserts that the trial court erred in awarding her rehabilitative, instead of permanent, alimony. We affirm, based on the facts of this case and the latitude of the trial judge's discretion in this area. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983); Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), review denied, 412 So.2d 465 (Fla. 1982).
At the trial level the wife was awarded attorney's fees pursuant to section 61.16, Florida Statutes (1981). She now has filed a timely motion, pursuant to the provisions of Rule 9.400, Florida Rules of Appellate Procedure, seeking attorney's fees on appeal. Provision (b) of that rule reads:
(b) Attorney's Fees.  A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
The appellant's motion alleges financial inability to pay her appellate attorney's fees and the ability of the appellee to do so. Attached to the motion is a supportive financial affidavit. No response to this motion was filed by appellee as is permitted by Rule 9.300 of the appellate rules.
The problems involved in the award or denial of attorney's fees on appeal have been addressed in several cases. The authority of the appellate court to award attorney's fees is based on the interpretation of section 61.16 as authorizing fee awards both at trial and on appeal. Bryan v. *684 Bryan, 342 So.2d 858 (Fla. 2d DCA 1977); Sommese v. Sommese, 324 So.2d 647 (Fla. 1st DCA 1976); Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1st DCA 1974); Lovett v. Lovett, 194 So.2d 916 (Fla. 2d DCA 1967). The difficulty is not in ascertaining the authority for such fees, but in formulating consistent rules to govern the exercise of that authority. For example, some courts, in considering attorney's fees for dissolution appeals, have utilized the "prevailing party" theory stemming from section 59.46(1), Florida Statutes (1981). See, e.g., Baucom v. Baucom, 397 So.2d 345 (Fla. 3d DCA 1981); Heller v. Heller, 151 So.2d 35 (Fla. 2d DCA 1963). Such fees, however, both at the trial and appellate levels, traditionally have been based on the concept of comparative abilities to secure counsel rather than on a party's victory. See Canakaris, 382 So.2d at 1205; Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976). This misconceived intermingling of concepts has resulted in a lack of uniformity among various appellate courts in the granting or denial of attorney's fees on appeal.
The problems inherent in dealing with the reliability of assuming continued economic disparity between the parties during appeal are discussed in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977). In that case, the First District receded from its prior practice, as set forth in Burns v. Snedaker, 348 So.2d 597 (Fla. 1st DCA 1977), and opted for a case-by-case approach and utilization of a provisional order with remand to the trial court for a determination of need and ability.
We agree with the concept set forth in Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975), wherein the Fourth District analyzed the problem as follows:
The question of whether to award attorney's fees for services on appeal in domestic litigation is a prerogative of the appellate court. Generally, this is determined primarily on a consideration of the financial resources of the parties as reflecting one party's need for, and the other party's ability to pay, reasonable attorney's fees. Where such is not readily apparent from the record then the appellate court usually ascertains whether the trial court awarded attorney's fees to either party for services in the trial court, as there would be implicit in such award a factual determination by the trial court of one party's need for, and the other party's ability to pay, a reasonable attorney's fee. If there was an award of attorney's fees in the trial court, and such award is not contested on appeal (or if contested, is affirmed), the appellate court then has a sound basis to conclude, in the absence of extenuating circumstances, that an allowance of attorney's fees for services rendered in the appellate court would also be justified. Of course, the matter of allowance of attorney's fees in domestic litigation is always a matter of sound judicial discretion. If an allowance might otherwise appear proper, but extenuating circumstances are shown, such as a substantial change in the financial resources of the parties occurring subsequent to the trial, or that the one seeking the allowance of an attorney's fee on appeal has taken an appeal which is wholly frivolous and vexatious, the court well may deny any allowance of fee. Any extenuating circumstance should be brought to the attention of the appellate court promptly in response to the motion seeking the allowance of an attorney's fee.
If the appellate court determines, in the exercise of its sound discretion, to allow an attorney's fee for services in the appellate court, it may assess the amount of such fee, or it may, as we did in this case, elect to utilize the provisions of Rule 3.16(e) F.A.R. to authorize the trial court to assess the amount of such attorney's fee upon remand. The latter alternative is usually the more preferable, and the reason is quite simple. An appellate court is not equipped to conduct evidentiary hearings and thus for it to assess the amount of the fee it would either have to do so solely on the basis of affidavits and counteraffidavits (which is an undesirable practice in the absence of the *685 agreement of the parties to such) or would have to appoint a commissioner to take testimony and report the same back to the court (which is a cumbersome process). [Emphasis in original.]
Ludemann, 317 So.2d at 861-62.
We would add to the Ludemann analysis the observation that where the record or conflict created by a controverted motion suggests the necessity for a further evidentiary hearing in regard to the grant or denial of a motion for attorney's fees, as opposed to the question of its amount, this court has the inherent authority to remand for an evidentiary hearing and a determination of the issue by the trial court as this court's appointed commissioner.
Accordingly, in the instant case we affirm the judgment of the trial court, provisionally grant the motion of the wife for attorney's fees on appeal, and remand to the trial court, pursuant to Florida Rule of Appellate Procedure 9.400(b), for assessment of the amount of such fees based upon need and ability.
AFFIRMED and REMANDED.
COWART, J., concurs.
SHARP, J., concurs in part; dissents in part with opinion.
SHARP, Judge, concurring in part and dissenting in part.
I concur with the majority on the issue of attorney's fees. I must respectfully dissent on the award of rehabilitative alimony, however, because I believe Avie Thornton should have been awarded permanent alimony.
The record shows this was a long term marriage, spanning twenty years. Avie was a military wife who not only stayed at home raising the couple's two children, but moved from post to post to make a home for her husband. Avie has a high school education. She went to work as a cashier after Lacy retired from the military service. The best paying job Avie ever held netted her $121.00 per week. Because of the emotional shock of the dissolution, Avie stopped working and was not employed at the time of the dissolution.
Avie has no other income. She only has her ability to earn a minimal amount as a cashier. The record does not show that she has any realistic hope or ability to earn more than $121.00 per week. That will not afford her a level of support even close to the standard of living the parties enjoyed during their marriage. In contrast, Lacy has a high school degree and some college education. He was employed by Southland Corporation as a store supervisor responsible for six convenience stores. He undoubtedly has a much greater earning ability than Avie, and additionally he receives retirement benefits from the military.
I think that an award of permanent alimony is mandated in this case, so that when combined with the minimal amount she can earn, Avie can keep financially afloat. See, e.g., O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); G'Sell v. G'Sell, 390 So.2d 1196 (Fla. 5th DCA 1980).