435 So.2d 913 (1983)
Donna deCLAIRE YOHANAN, Petitioner,
v.
George F. deCLAIRE, Respondent.
No. 83-886.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Rehearing Denied August 31, 1983.
*914 James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for petitioner.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondent.
HERSEY, Judge.
Petitioner seeks certiorari to block discovery procedures. Because we have frequently held that forced disclosure through discovery is irremediable in that once information has been disclosed it may never be "taken back," we have consistently granted certiorari to prevent disclosure, but never to compel disclosure. The former being involved here, we have jurisdiction.
In an earlier appearance of these parties before this court we separately ordered an award of attorney's fees to the successful former wife, providing that
[U]pon remand of this cause the amount thereof shall be assessed by the trial court upon due notice and hearing, subject to review by this court under Rule 9.400(c), Fla.R.App.P.
Yohanan v. deClaire, 421 So.2d 551 (Fla. 4th DCA 1982).
In preparing for the trial court's hearing to assess fees, respondent, former husband, attempted to discover the extent to which petitioner had the ability to participate in the payment of attorney's fees. This raises the question of whether, in the context of a marriage dissolution, an appellate court determination regarding an entitlement to attorney's fees,  the issues of one party's need and the other party's ability to pay  are to be taken into account and, in effect, retried for the purpose of setting the fee and allocating responsibility for its payment.
The appellate court obviously has the plenary power to set the amount of the fee and require a particular party to pay it. On the other hand, the appellate court could determine on the record before it that one party clearly has the ability to pay and that the other has just as clear a need, and remand for the sole purpose of an evidentiary hearing to determine the amount of a reasonable fee. A third alternative is presented where the passage of time renders prior findings of need and ability obsolete or untrustworthy or where, in response to an application for an allowance of attorney's fees, the other party alleges that there has been a substantial change in circumstances, in which case the appellate court may remand for a complete evidentiary hearing on need, ability to pay and the amount of a reasonable fee.
The district courts of appeal have not acted uniformly in their approach to this question. That is not to say, however, that a conflict exists since there is no rule, statute or other stricture establishing a procedure for treatment of this issue.
The First District Court of Appeal in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977), decided not to indulge in "problematic assumptions" recognizing that:
[I]t is impractical and inappropriate for an appellate court to entertain and resolve issues concerning the relative financial abilities of the parties at the time an appellate motion for allowance of fees is filed, or when a response may be seasonably filed, or when the case is submitted by argument or otherwise, or when the appellate decision is rendered.
350 So.2d at 1154. The court stated that, in regard to motions for attorney's fees,

*915 [H]enceforth we shall undertake to dispose of such motions without either indulging problematic assumptions or undertaking a trial of new issues on appeal. When we consider a fee money award inappropriate regardless of the parties' financial circumstances, we shall exercise our prerogative to deny such motions. But when the trial court has awarded fee money to the moving party and it appears that a further award on account of appellate services is appropriate, assuming the relative financial needs and abilities of the parties are essentially the same as at final judgment, we shall provisionally grant the motion for allowance of fee money and remand to the trial court both the question of the amount of a reasonable fee for the appellate services of the movant's lawyer and the question of what part of that amount, if any, should be paid by the other party because of a present disparity in ability to pay. Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967, 970 (Fla. 1st DCA 1977).
350 So.2d at 1154.
The Fifth District Court of Appeal has apparently taken a somewhat similar approach, although the necessity for consideration by the trial court of the issues of need and ability to pay were expressly set out in the order granting fees in the first instance. In Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981), the court specifically stated:
Appellee's motion for attorney's fees and costs is granted and, as permitted by Florida Rule Appellate Procedure 9.400(b), the motion is remanded to the trial court to determine the reasonable value of appellee's necessary appellate legal services and the assessment of the appropriate amount of appellant's contribution thereto after considering the financial resources of both parties. § 61.16, Fla. Stat. (1979).
In similar circumstances, the fifth district reversed an award of attorney's fees where the testimony at trial related only to the nature of the services rendered and the reasonableness of the fee therefore. Hyatt v. Hyatt, 426 So.2d 1181, 1182 (Fla. 5th DCA 1983). The court held the order appealed failed to consider those factors ordinarily taken into account in ruling on requests for attorney's fees, i.e., the needs of the requesting spouse and the financial ability of the other spouse. Id.
Our procedure in the fourth district was very clearly established and fully explained by Judge Owen in Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975). We said:
If the appellate court determines, in the exercise of its sound discretion, to allow an attorney's fee for services in the appellate court, it may assess the amount of such fee, or it may, as we did in this case, elect to utilize the provisions of Rule 3.16(e) F.A.R. to authorize the trial court to assess the amount of such attorney's fee upon remand. The latter alternative is usually the more preferable, and the reason is quite simple. An appellate court is not equipped to conduct evidentiary hearings and thus for it to assess the amount of the fee it would either have to do so solely on the basis of affidavits and counteraffidavits (which is an undesirable practice in the absence of the agreement of the parties to such) or would have to appoint a commissioner to take testimony and report the same back to the court (which is a cumbersome process).
Turning more specifically to this case, we determined from the record that the wife was entitled to an award of attorney's fees on appeal, and entered an order to that effect. The issue of her entitlement vel non to the award of attorney's fees was thus settled by our order, which left to the trial court upon remand only the assessment of the amount thereof.
The proceedings before the trial court at the hearing on the motion to assess attorney's fees were not reported, but the trial court's order adequately sets forth the substance of the matters before the court at that time. We think it clear from the court's order that the amount awarded to the wife as attorney's fees for services in the appellate court was not *916 the result of the court's determination that such amount was the reasonable value of the services rendered on appeal, but instead was due to the court having reevaluated the question of the wife's need for, and the husband's ability to pay, a reasonable attorney's fee. As we have stated above, that question was not before the trial court for determination.
Id. at 862.
In the fourth district, then, an order establishing a right to attorney's fees, where the amount is to be determined upon remand, limits the trial court to a determination of the amount of a reasonable fee and does not reopen the issues of need and ability to pay, those issues having been considered and passed upon by this court. When, however, the circumstances have warranted it, this court has, by specific language in the order, directed the trial court to reconsider the issues of need and ability to pay as the original findings may have been eroded by the passage of time. It therefore seems appropriate here to remind counsel that a change in the financial circumstances of either party should be brought to this court's attention, either in the application for attorney's fees, in the response thereto, or in a later supplemental pleading as may be appropriate. Accord Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA 1983).
The order of the trial court requiring petitioner to appear for deposition and to answer questions regarding her ability to participate in the payment of attorney's fees constitutes a departure from the essential requirements of the law since that issue was not open for consideration by the trial court in view of our previous order disposing of all issues with the exception of the amount of a reasonable attorney's fee. We, therefore, grant the petition for writ of certiorari and quash the order compelling discovery.
CERTIORARI GRANTED.
ANSTEAD, C.J., and DELL, J., concur.