499 So.2d 839 (1986)
F. Gary GIESEKE, Appellant,
v.
Haydee GIESEKE, Appellee.
No. 85-1938.
District Court of Appeal of Florida, Fourth District.
January 22, 1986.
Rehearing Denied February 18, 1986.
Michael R. Bass of Lerner & Harris, P.A., Fort Lauderdale, for appellant.
Edna L. Caruso, P.A., West Palm Beach, for appellee.
PER CURIAM.
In this interlocutory appeal, we consider the husband's assertion that the trial court's order requiring him to pay attorney's fees and costs "for the [wife's cross-] appeal" from the final judgment of dissolution requires reversal. Agreeing that the trial court lacked authority to enter the subject order, we reverse.
In order to obtain fees and costs for the preparation of an appeal, a litigant must first request the fees from the appellate court. Fla.R.App.P. 9.400(b). Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA 1983); Winner v. Winner, 376 So.2d 924 (Fla. 3d DCA 1979); Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976); Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975). "The question of whether to award attorney's fees for services on appeal in domestic litigation is a prerogative of the appellate court." Thornton, 433 So.2d at 684; Ludemann, 317 So.2d at 861. "The assessment of attorney's fees may be remanded to the lower tribunal." Fla.R.App.P. 9.400(b).
Appellate costs may be taxed in the lower court only after the issuance of a mandate by the appellate court. Mullins. The wife's contention that Florida Rule of Appellate Procedure 9.600(c) authorizes the trial court to assess fees and costs lacks merit. The attorney's fees and costs discussed in rule 9.600(c) are limited to those incurred in the trial court; the rule does not contemplate the taxation of fees or costs for appeal preparation. Winner. See Thornton; Mullins; Ludemann.
Accordingly, we reverse the order entered below.
BASKIN, NATALIE, PEARSON, DANIEL S., and FERGUSON, WILKIE D., Jr., Associate Judges, concur.