505 So.2d 432 (1987)
Manuel A. SIERRA, Petitioner,
v.
Arlene SIERRA, Respondent.
No. 68033.
Supreme Court of Florida.
April 9, 1987.
Paul A. Louis and Frank Nussbaum, of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., Miami, for petitioner.
Irving B. Levenson, Miami, for respondent.
*433 BARKETT, Justice.
We have for review an order of the Third District Court of Appeal awarding appellate attorney's fees in the amount of $10,000 against the petitioner husband subsequent to its per curiam decision on the merits in Sierra v. Sierra, 475 So.2d 707 (Fla. 3d DCA 1985). The district court determined the amount of the attorney's fee to be awarded without any evidentiary basis, thus conflicting with Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Petitioner contends that the district court erred in assessing the fee. We agree.
The authority to award attorney's fees in marital cases derives from section 61.16, Florida Statutes (1985):
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
On appeal, attorney's fees are governed by Florida Rule of Appellate Procedure 9.400(b):
A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
Respondent correctly contends that appellate courts have the authority to award attorney's fees with reference to those matters which have been litigated in the appellate courts. The issue, however, is not whether the district court had the authority to award attorney's fees but whether it could determine the amount to be awarded in the absence of any evidence.
There is no question that trial courts in marital cases have been precluded from assessing the amount of attorney's fees without an evidentiary basis. See Lamar v. Lamar, 323 So.2d 43 (Fla. 4th DCA 1975). Indeed, the Third District Court itself has repeatedly emphasized that attorney's fees may not be fixed without expert testimony and must be based upon competent evidence. See Lee v. Gilbert, Silverstein, and Hellman, 350 So.2d 1147 (Fla. 3d DCA 1977) (the trial court may not fix attorney's fees without expert testimony); Donner v. Donner, 281 So.2d 399, 401 (Fla. 3d DCA) (award of attorney's fees should be made only for services that are shown to have been reasonably necessary), cert. denied, 287 So.2d 679 (Fla. 1973); Ortiz v. Ortiz, 211 So.2d 243, 245 (Fla. 3d DCA 1968) (whatever amount is fixed as attorney's fees must be supported by competent substantial evidence). We fail to see why appellate courts should not also be precluded from assessing the amount of attorney's fees to be awarded without an evidentiary basis. Indeed, most district courts remand under the circumstances presented in this case. See Schneider v. Schneider, 389 So.2d 311, 312 (Fla. 2d DCA 1980); McIntyre v. McIntyre, 380 So.2d 1195, 1197 (Fla. 5th DCA 1980); Dresser v. Dresser, 350 So.2d 1152, 1153-54 (Fla. 1st DCA 1977); Ludemann v. Ludemann, 317 So.2d 860, 862 (Fla. 4th DCA 1975).
In Ludemann, the Fourth District considered the specific questions presented here. In that case the district court granted the wife's motion for attorney's fees on appeal and remanded to the trial court for the assessment of such fees, pursuant to the appellate rules (then Rule 3.16(e), F.A.R.). The district court of appeal explained that the determination of whether to award attorney's fees for services on appeal in domestic litigation is a prerogative of the appellate court. 317 So.2d at 861. Although Judge Owen acknowledged that appellate courts can assess the amount of such fees, he noted that the better practice is to remand to the trial court for such a determination. The court recognized that in either event evidence is necessary:

*434 The latter alternative [remanding to the trial court] is usually the more preferable, and the reason is quite simple. An appellate court is not equipped to conduct evidentiary hearings and thus for it to assess the amount of the fee it would either have to do so solely on the basis of affidavits and counteraffidavits (which is an undesirable practice in the absence of the agreement of the parties to such) or would have to appoint a commissioner to take testimony and report the same back to the court (which is a cumbersome process).
Id. at 862.
The need for evidence is obvious. The pleadings or documents filed with the court are not the only indicia of the value of a lawyer's services. The party requesting the fee should have the opportunity to advise the court of the basis for the request. Moreover, the payment of attorney's fees constitutes, in many instances, a substantial liability for the payment of funds. We discern no viable argument which would support denying the spouse responsible for the payment of those funds the opportunity to contest the reasonableness, as well as the necessity, of the award. As this Court noted in Solar Research Corp. v. Parker, 221 So.2d 138, 143 (Fla. 1969) (quoting Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2d DCA 1964), cert. denied, 172 So.2d 601 (Fla. 1964)):
In all litigation involving professional fees proof is required of the nature of and the necessity for, the services rendered, and the reasonableness of the charge made therefor. In this respect the legal profession stands on the same plane with other professions. [Emphasis supplied.]
In Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454, 457 (Fla. 1968), this Court said:
In the absence of a stipulation fixing the dollar amount [of attorney's fees], the burden is on the moving party to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered and to which he is reasonably entitled... . "The very nature of these allowances, constituting, as they do, enforceable costs in a court of justice, command and should receive the closest scrutiny of the courts and should never be awarded in a perfunctory proceeding." Lewis v. Gramil Corp. (Fla. 1957), 94 So.2d 174.
Consequently, the necessity and the reasonableness of an award of attorney's fees must be supported by competent substantial evidence. The party who is going to suffer the financial detriment of payment of the fees must be provided an opportunity to be heard. Therefore, after plenary appeal, we direct appellate courts to either remand the issue of the amount of an attorney's fee award to trial courts for determination of that issue after an evidentiary hearing or provide a method for receiving evidence by affidavit or otherwise on this issue in the appellate court.
The order awarding attorney's fees in this case is quashed, and we remand this matter to the district court for proceedings consistent herewith.
It is so ordered.
McDONALD, C.J., and OVERTON, ERHLICH and SHAW, JJ., concur.