ON MOTION FOR REHEARING OF ATTORNEY’S FEE AWARD
PER CURIAM.
The husband has moved for rehearing of the court’s award of attorney’s fees to the wife. We grant rehearing.
An award of attorney’s fees in a matrimonial action is not governed by a “prevailing party” standard but instead is predicated on the need of one spouse for the attorney’s fee award and the ability of the other spouse to pay the award. Thornton v. Thornton, 433 So.2d 682, 683-84 (Fla. 5th DCA 1983); see Sierra v. Sierra, 505 So.2d 432, 433 (Fla.1987); Ludemann v. Ludemann, 317 So.2d 860, 861 (Fla. 4th DCA 1975); § 61.16, Fla.Stat. (1987); P. Padovano, Florida Appellate Practice § 16.5, at 269 (1988). The husband correctly points *180 out that the present record does not contain sufficient information to establish the need of the wife, nor the ability to pay of the husband. Pursuant to Rule 9.400(b), Florida Rules of Appellate Procedure, we provisionally award appellate attorney’s fees to the wife, and remand for the trial court to determine need and ability to pay. See Dresser v. Dresser, 350 So.2d 1152, 1154 (Fla. 1st DCA 1977). If need and ability to pay are found to exist, then the trial court is authorized to set the amount of the appellate attorney’s fees.[1]
Appellate attorney’s fees provisionally granted; remanded for hearing.

. The husband's motion for attorney’s fees, predicated solely on section 57.105, Florida Statutes (1987), was previously denied.