PER CURIAM.
The former wife appeals several post-dissolution rulings by the trial court.
The trial court correctly concluded that the former wife’s motion for recusal was legally insufficient and that the motion for rehearing was untimely. No reversible error has been shown with respect to the denial of the motion for contempt. The application for an order of indigency is moot with respect to this court’s filing fee. However, insofar as other taxable costs of this appeal are concerned, if any, we provisionally grant an award of costs to the wife, subject to the trial court’s conducting an evidentiary hearing to verify the ex-wife’s need and ex-husband’s ability to pay. See Sierra v. Sierra, 505 So.2d 432, 433 (Fla.1987); Thornton v. Thornton, 433 *1145 So.2d 682, 683-84 (Fla. 5th DCA), review denied, 443 So.2d 980 (Fla.1983); P. Padovano, Florida Appellate Practice § 16.5, at 269 (1988).*
Affirmed; appellate costs provisionally granted and remanded for further proceedings.

 We construe the wife’s pro se application for an order of indigency as being an application for suit money for this appeal. The order of denial reflects only that the court heard argument, but not that testimony was taken. Since the wife’s application was sworn, she was entitled to an evidentiary determination of her need, and the husband’s ability to pay. See authorities cited supra.