584 So.2d 1117 (1991)
Raborn L. DAVIS, Jr., Husband, Appellant,
v.
Diana W. DAVIS, Wife, Appellee.
No. 90-3717.
District Court of Appeal of Florida, First District.
August 21, 1991.
David A. Bartholf, Jacksonville, for appellant.
Terrance A. Jones, Orange Park, for appellee.
WIGGINTON, Judge.
The trial court's order denying the husband's motion to modify the final judgment of dissolution of marriage to change primary residential custody of one of the parties' three minor children to the husband is hereby AFFIRMED. Both parties seek an award of attorney's fees pursuant to section 61.16, Florida Statutes, based on the prevailing party theory. However, on the issue of appellate attorney's fees in dissolution cases, "prevailing party" status is not always dispositive. The courts, instead, often provisionally grant an award of fees subject to the trial court's conducting an evidentiary hearing to verify the respective parties' needs and ability to pay, as well as to assess a reasonable amount. See Sierra v. Sierra, 505 So.2d 432, 433 (Fla. 1987); Solernou v. Solernou, 556 So.2d 1144 (Fla. 3d DCA 1989); Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), review denied, 443 So.2d 980 (Fla. 1983); Shrine v. Shrine, 429 So.2d 765 (Fla. 1st DCA 1983); Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975); P. Padavano, Florida Appellate Practice section 16.5, at 269 (1988). Accordingly, in the present case, the wife's motion for attorney's fees is provisionally granted and the husband's motion is denied. The cause is remanded to the trial court on the question *1118 of the amount of a reasonable fee for the appellate services of the wife's attorney and the question of what part of that amount should be paid by either party due to a present disparity between the parties' ability to pay. Shrine; see also Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
SHIVERS and ZEHMER, JJ., concur.