683 So.2d 510 (1996)
Diane Elaine WHITE, Appellant,
v.
Elmer Earl WHITE, Jr., Appellee.
No. 94-2632.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
*511 Cathy L. Kamber of Renick, Singer & Kamber, Lake Worth, for appellant.
Ralph Mabie, Jr., West Palm Beach, for appellee.

ON MOTION TO REVIEW APPELLATE ATTORNEY'S FEES
FARMER, Judge.
In our opinion on the merits in these postjudgment proceedings seeking a modification of alimony, we reversed the trial court's decision treating permanent alimony as rehabilitative but affirmed the order in all other respects. At the same time, and by separate order, we granted the former wife's motion under section 61.16[1] for attorney's fees on appeal and remanded to the trial court to determine a reasonable fee. We now review the amount awarded as fees.
Although the Record on Appeal did not alert us to the fact, it appears that during the pendency of this appeal, she applied to the lower court for an award of temporary attorney's fees to prosecute the appeal. Rule 9.600(c)[2] gives the lower tribunal jurisdiction to award fees during the pendency of an appeal, and it similarly provides for review of such awards by motion. In its order awarding temporary fees, the circuit judge said that former wife had need of contribution from the former husband of a sum "representing fifty percent (50%) of the [amount reasonably incurred to date]." No motion for review of that temporary order was ever filed in this court.
Upon remand, in setting the amount of appellate fees for appellee pursuant to our order, the court said:
"This Court has reviewed the Fourth District Court of Appeal's August 16, 1995, Order awarding appellate attorney's fees and costs. This Court interprets said Order to require the assessment of one hundred (100%) percent of the Former Wife's reasonable attorney's fees and costs and to order the Former Husband to pay same. This Court does not believe that it has discretion to apportion the fees and costs pursuant to the said Order. If this Court had discretion to apportion fees, this Court would have apportioned the attorney's fees equally between the parties."
In his motion to review this assessment as to the amount of fees, the former husband argues that the lower court's temporary award of appellate fees is not res judicata on the apportionment issue, and that our order granting her motion for an award of appellate fees was meant only to decide the issue of her entitlement to fees for the appeal but not intended to decide the apportionment issue. We agree.
As with all matters relating to awards of attorney's fees under a statute, we begin with the text of the statute itself. Section 61.16(1) says in relevant part:
"The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings."
We have held many times, as has the supreme court, that the basis for any award of fees under section 61.16 is the financial need of the moving party for such relief, and the financial ability of the other party to pay the fees needed. See, e.g., Standard Guar. Ins. *512 Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991). In this case, the trial judge has found that the former wife's need for fees is only as to half of the amount deemed reasonably necessary to prosecute the appeal to effect. The ability of the husband to pay half of her fees is not challenged.
An award of temporary fees under section 61.16 to prosecute an appeal from an order on a postjudgment motion to modify is a determination only that one party needs some help in taking an appeal and that the other party can afford to pay something. By its very nature, such an order cannot be deemed a final determination as to all the issues bound up in an award of final appellate attorney's fees. Hence the trial judge's temporary award of half her fees for the appeal is res judicata only of the issue that she needed some fees from him to carry on the appeal. It is not a decision on what the final amount of her assistance must be.
Nor is our decision granting her motion for appellate fees at the conclusion of the appeal a determination on our part that she is entitled to receive from him all of the fees she reasonably incurred. We engage in no fact finding when we consider motions for appellate fees under rule 9.420.[3] As the court held in Sierra v. Sierra, 505 So.2d 432 (Fla.1987), although appellate courts have the power themselves to determine the amount of the fee award, the necessity for an evidentiary basis for the actual amount awarded strongly suggests that appellate courts merely grant such motions and leave it to the trial courts to receive the evidence and make the award. Thus in considering a motion for fees under rule 9.400(b), our attention is exclusively directed to the issue whether we deem the moving party provisionally qualified for an award of appellate fees. Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975).
The issue of provisional entitlement turns on the basis for fees in the first place, i.e., statute or contract, and the particular text of the statutory or contractual basis. If, e.g., the moving party's motion is based on statutory or contractual prevailing party fees, we look over the record to determine whether the successful party on appeal is the prevailing party below. Sometimes it is impossible for us to say who is the prevailing party at that stage, and our grant of the motion is thus necessarily conditioned on the moving party prevailing ultimately in the proceedings below.
As to fee awards under chapter 61, we know that the basis for fees has littleif anything at allto do with who the prevailing party is. Davis v. Davis, 584 So.2d 1117 (Fla. 1st DCA 1991). Instead it turns, as we have seen, on the demonstrated need of the requesting party and the ability to pay such fees by the paying party. Therefore, when we grant a motion for appellate attorney's fees founded on section 61.16, we have no way of knowing how great is the need to equalize the access to legal services, nor how great is the ability to pay. In one case the need may be modest but the ability unlimited; while in another the need may be great but the ability modest; in still another the need and ability are similar; and in yet another there may be little or no need or ability. All of these permutations are for the finder of fact, the trial court, to sort out.
Hence, a blanket grant of a motion for appellate attorney's fees under section 61.16 is, unless we expressly say otherwise in the order granting the motion, a determination of only whether the matter of appellate fees should be further addressed by the trial court. It represents our tentative conclusion that the moving party should be given a chance to show that he or she needs help from the adverse party as to some or all of the appellate fees reasonably incurred and, if the need is proven, that the paying party has the ability to defray some or all of the moving party's fees. We have then concluded preliminarily that an apparent, or prima facie, *513 basis for a fee award exists under section 61.16, but that the final award is subject to a determination of need and ability by the trial judge. It is not an apportionment decision by us of the moving party's needs or the paying party's ability, any more than it represents a decision by us as to the amount of the fees deemed reasonable.
In light of the foregoing, we reverse the assessment of fees made by the lower court in response to our order awarding appellate fees and remand the matter to that court. As the court has thoughtfully provided us with its resolution of that issue, we direct that court to enter an order allowing only half of the fees found reasonable.
PARIENTE, J., and WOLF, JAMES R., Associate Judge, concur.
NOTES
[1] § 61.16, Fla.Stat. (1995).
[2] Fla.R.App.P. 9.600(c).
[3] It is, of course, incontestable that only the appellate court can finally authorize attorney's fees for an appeal. See Fla.R.App.P. 9.400(b) (motion for appellate attorney's fees must be filed in appellate court no later than time for service of reply brief); and Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986) (in order to obtain attorney's fees for an appellate proceeding, party must first request such fees in appellate court).