695 So.2d 381 (1997)
Diane Elaine WHITE, Appellant,
v.
Elmer Earl WHITE, Jr., Appellee.
No. 94-2632.
District Court of Appeal of Florida, Fourth District.
March 26, 1997.
Cathy L. Kamber of Renick, Singer & Kamber, Lake Worth, for appellant.
Ralph Mabie, Jr., West Palm Beach, for appellee.

On Rehearing En Banc of Review of Appellate Attorney's Fees
FARMER, Judge.
When we determined the merits of this appeal, we granted the former wife's motion for appellate attorney's fees. After the trial court entered a final order on appellate fees, we granted review and affirmed the order. White v. White, 683 So.2d 510 (Fla. 4th DCA 1996). The former wife has now moved for rehearing en banc as to the appellate fees issue on the grounds that the panel opinion in this case is in conflict with our decisions in Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975), and Yohanan v. deClaire, 435 So.2d 913 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 486 (Fla.1984). We grant rehearing en banc but, upon rehearing, adopt the views expressed in the panel decision on appellate fees in this case.
In Ludemann, we stated:
"If the appellate court determines, in the exercise of its sound discretion, to allow an attorney's fee for services in the appellate court, it may assess the amount of such fee, or it may, as we did in this case, elect to utilize the provisions of Rule 3.16(e) F.A.R. to authorize the trial court to assess the amount of such attorney's fee upon remand. The latter alternative is usually the more preferable, and the reason is quite simple. An appellate court is not equipped to conduct evidentiary hearings and thus for it to assess the amount of the fee it would either have to do so solely on the basis of affidavits and counteraffidavits (which is an undesirable practice in the absence of the agreement of the parties to such) or would have to appoint a commissioner to take testimony and report the same back to the court (which is a cumbersome process)."
317 So.2d at 862. We concluded that:
"Turning more specifically to this case, we determined from the record that the *382 wife was entitled to an award of attorney's fees on appeal, and entered an order to that effect. The issue of her entitlement vel non to the award of attorney's fees was thus settled by our order, which left to the trial court upon remand only the assessment of the amount thereof.
"The proceedings before the trial court at the hearing on the motion to assess attorney's fees were not reported, but the trial court's order adequately sets forth the substance of the matters before the court at that time. We think it clear from the court's order that the amount awarded to the wife as attorney's fees for services in the appellate court was not the result of the court's determination that such amount was the reasonable value of the services rendered on appeal, but instead was due to the court having reevaluated the question of the wife's need for, and the husband's ability to pay, a reasonable attorney's fee. As we have stated above, that question was not before the trial court for determination."
Id.
In Yohanan, we said:
"The appellate court obviously has the plenary power to set the amount of the fee and require a particular party to pay it. On the other hand, the appellate court could determine on the record before it that one party clearly has the ability to pay and that the other has just as clear a need, and remand for the sole purpose of an evidentiary hearing to determine the amount of a reasonable fee. A third alternative is presented where the passage of time renders prior findings of need and ability obsolete or untrustworthy or where, in response to an application for an allowance of attorney's fees, the other party alleges that there has been a substantial change in circumstances, in which case the appellate court may remand for a complete evidentiary hearing on need, ability to pay and the amount of a reasonable fee."
435 So.2d at 914. We then added that:
"In the fourth district, then, an order establishing a right to attorney's fees, where the amount is to be determined upon remand, limits the trial court to a determination of the amount of a reasonable fee and does not reopen the issues of need and ability to pay, those issues having been considered and passed upon by this court. When, however, the circumstances have warranted it, this court has, by specific language in the order, directed the trial court to reconsider the issues of need and ability to pay as the original findings may have been eroded by the passage of time. It therefore seems appropriate here to remind counsel that a change in the financial circumstances of either party should be brought to this court's attention, either in the application for attorney's fees, in the response thereto, or in a later supplemental pleading as may be appropriate. Accord Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA 1983)."
In the panel opinion on review of the appellate fees in this case, we said that entitlement to fees under section 61.16:
"turns, as we have seen, on the demonstrated need of the requesting party and the ability to pay such fees by the paying party. Therefore, when we grant a motion for appellate attorney's fees founded on section 61.16, we have no way of knowing how great is the need to equalize the access to legal services, nor how great is the ability to pay. In one case the need may be modest but the ability unlimited; while in another the need may be great but the ability modest; in still another the need and ability are similar; and in yet another there may be little or no need or ability. All of these permutations are for the finder of fact, the trial court, to sort out.
"Hence, a blanket grant of a motion for appellate attorney's fees under section 61.16 is, unless we expressly say otherwise in the order granting the motion, a determination of only whether the matter of appellate fees should be further addressed by the trial court. It represents our tentative conclusion that the moving party should be given a chance to show that he or she needs help from the adverse party as to some or all of the appellate fees reasonably incurred and, if the need is proven, that the paying party has the ability to defray some or all of the moving *383 party's fees. We have then concluded preliminarily that an apparent, or prima facie, basis for a fee award exists under section 61.16, but that the final award is subject to a determination of need and ability by the trial judge. It is not an apportionment decision by us of the moving party's needs or the paying party's ability, any more than it represents a decision by us as to the amount of the fees deemed reasonable."

White v. White, 683 So.2d 510, 512-513 (Fla. 4th DCA 1996).
Upon consideration en banc, we adopt the panel opinion in this case and recede from anything in Ludemann and Yohanan to the contrary. We add only that future panels of this court are not hereby precluded from themselves determining entitlement to fees under section 61.16 where the panel concludes that the facts and circumstances of the particular case so indicate.
Accordingly, the former wife's motion for a rehearing of the review of appellate attorney's fees is denied.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.