833 So.2d 793 (2002)
Robert S. YOUNG, Appellant,
v.
Alice G. HECTOR, Appellee.
Nos. 3D02-283, 3D02-235.
District Court of Appeal of Florida, Third District.
June 12, 2002.
*794 Dittmar & Hauser, and Helen Hauser, Coconut Grove, for appellant.
Amy D. Ronner, Miami, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Robert Young appeals from an order granting his former wife Alice G. Hector's motion for permission to send the parties' elder daughter to boarding school in New Jersey and an order setting a visitation schedule with the younger daughter. Because the decision to move the elder child to boarding school is not a "relocation" under section 61.13(2)(d), Florida Statutes (1999), but simply an educational decision, we affirm. We also affirm the visitation schedule with the younger daughter.
The parties dissolved their marriage in 1996. They have two minor daughters. This Court reviewed the original judgment of dissolution of marriage between the parties via a panel opinion and subsequent en banc opinion. See Young v. Hector, 740 So.2d 1153 (Fla. 3d DCA 1999), rev. dismissed 763 So.2d 1046 (Fla.2000). A petition for a writ of prohibition brought by Young during the following year was denied. See Young v. Hector, 768 So.2d 460 (Fla. 3d DCA 2000). After rehearing en banc, this Court affirmed the award of primary residential custody to the mother and directed the trial court to grant the father liberal and frequent access to the children, but reversed the amount of alimony awarded to the father, the distribution of assets, and the award of attorney's fees.
After a one year period in which the children resided with the father, they returned to the mother and the parties proceeded under an oral visitation agreement by which the father had two weekday overnights and alternating weekends, as well as after school if he picked them up.
In December 1999, the elder child expressed an interest in attending a boarding school in the New York area and at the end of March 2000, she was accepted into Blair Academy. At a hearing on July 17, 2000, the school guidance counselor, the guardian ad litem, and the mother testified regarding the benefits to the child that the boarding school would provide. The trial court held that the decision to allow the child to attend Blair Academy was an educational one and not an issue of "relocation." There was ample support for the trial court's finding that boarding school was in the child's best interest. At a hearing one year later, the testimony presented indicated that the elder daughter was flourishing at Blair Academy and had improved both academically and socially.
The father argues that the mother's decision to have the elder daughter attend Blair Academy was a "relocation" as governed by section 61.13(2)(d), Florida Statutes. We disagree. The statute indicates that the relocation issue only arises when the residential parent seeks to move to another state with the child. The decision to permit a child to attend boarding school was clearly an educational one which, as found by the trial court, benefitted the *795 child. Furthermore, both parents have equal opportunities to see the child when she is on vacation and may visit her at school anytime they choose.
At this point, the elder daughter is completing her second year at Blair Academy, where she continues to thrive. Yet the father is still seeking to deprive her of this excellent educational opportunity. At the same time, he complains that the trial court found that the elder daughter was "desirous of attending boarding school in order to avoid conflict between her parents, including the anger and rage of her father which have a deleterious effect on the child." In our view, the facts speak for themselves.
The trial court also altered the father's visitation schedule with the younger daughter by eliminating the two weekday overnights. Our mandate merely ordered the trial court to grant the father liberal and frequent access to the children. The current visitation schedule does so.
As to Young's motion for appellate attorney's fees, we remanded to the trial court. If Young establishes his entitlement pursuant to section 61.16, Florida Statutes, and Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the trial court is authorized to award him all or a portion of the reasonable appellate attorney's fees. This court concludes that the appeal by Young lacked merit, and therefore the trial court should give great weight to the factors set forth in Rosen. See generally, Rados v. Rados, 791 So.2d 1130 (Fla. 2d DCA 2001).
Affirmed.