930 So.2d 840 (2006)
Stephen RANDALL a/k/a Steven Randall, Appellant,
v.
Kristina RANDALL, Appellee.
No. 3D04-2932.
District Court of Appeal of Florida, Third District.
June 14, 2006.
Kendra Faulkner Shaw and Daniel Kaplan, Aventura, for appellant.
Patterson & Sweeny and John H. Patterson, Jr., Miami, for appellee.
*841 Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
In a prior unsuccessful appeal by the appellant-former husband, Randall v. Randall, 875 So.2d 667 (Fla. 3d DCA 2004) (table), this Court granted the appellee-wife's motion for attorney's fees and costs and "remanded to the trial court to fix amount." Contrary to his primary contention on the present appeal from the resulting order below, we agree with the lower court that it was required to assess a reasonable fee for all the services rendered on appeal by the wife's counsel without regard to the parties' respective financial ability and need or any of the other factors stated in Rosen v. Rosen, 696 So.2d 697 (Fla.1997). See Young v. Hector, 884 So.2d 1025, 1026 (Fla. 3d DCA 2004) ("[T]his Court granted the former husband's motion for attorney's fees, and remanded to the trial court to fix the amount of the fees."); Bass v. State Farm Life Ins. Co., 649 So.2d 924, 925 (Fla. 3d DCA 1995) ("This court's mandate remanded the action to the trial court for the sole purpose of fixing the amount of Bass' appellate attorney's fees. As such, the trial court followed this court's mandate by only fixing the amount of appellate attorney's fees."); Barbara Green, Cracking the Code: Interpreting and Enforcing the Appellate Court's Decision and Mandate, 32 Stetson L.Rev. 393 (2003).
When the Court determines otherwise, its order says so. See Fischer v. Fischer, 882 So.2d 435, 435 (Fla. 3d DCA 2004) ("[Former husband]'s motion for attorney's fees and costs on appeal is remanded to the trial court. If the movant establishes his entitlement pursuant to section 61.16, Florida Statutes, and Rosen . . ., the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney's fees."); Reznik v. Reznik, 865 So.2d 507 (Fla. 3d DCA 2003) (order granting appellate fees) ("Respondent's motion for appellate attorneys' fees is provisionally granted and remanded to the trial court to fix amount conditioned on a finding of the wife's need and the husband's ability to pay."); Young v. Hector, 833 So.2d 793, 795 (Fla. 3d DCA 2002) ("As to [the former husband's] motion for appellate attorney's fees, we remanded to the trial court. If [he] establishes his entitlement pursuant to section 61.16, Florida Statutes, and Rosen . . ., the trial court is authorized to award him all or a portion of the reasonable appellate attorney's fees. This court concludes that the appeal by [the former husband] lacked merit, and therefore the trial court should give great weight to the factors set forth in Rosen."); Solernou v. Solernou, 556 So.2d 1144, 1144 (Fla. 3d DCA 1989) ("[W]e provisionally grant an award of costs to the wife, subject to the trial court's conducting an evidentiary hearing to verify the ex-wife's need and ex-husband's ability to pay."), cause dismissed, 564 So.2d 488 (Fla.1990).
We also find no error or abuse of discretion in the amount of the fees and costs assessed below.
Affirmed.