## CIRCUIT COURT OF THE CITY OF SALEM

Susan Brocker

v.

Keith Brocker

October 23, 2006

Case No. CL06-298

BY JUDGE ROBERT P. DOHERTY, JR.

In this appeal *de novo* from the Juvenile and Domestic Relations District Court, ex-husband filed a petition to recover funds from his ex-wife that he had paid as alimony beyond the term required by a Florida divorce court. Ex-wife argues that the petition to recover overpaid funds is not a proper petition requesting the termination of alimony; therefore, even if ex-husband is correct in his interpretation of the prior court orders, alimony should not terminate until a proper motion requesting termination of alimony is filed and an order granting that motion entered. She further contends that the language of the parties Marital Settlement Agreement, which became part of their final divorce decree and which limited alimony to a term of five years, was altered by a subsequent Florida court order that allowed for a modification of alimony and child support at the end of the five-year term. Both parties also ask the Court to fix child support in accordance with the stipulations and guideline work sheets submitted, after adjustments made for the inclusion or exclusion of alimony.

### *Sufficiency of Pleading*

Ex-husband's petition for return of alimony payments made beyond the term required in their Marital Separation Agreement is sufficient to put the ex-wife on notice that he is requesting alimony/spousal support to be terminated.

Although clarity and specificity in pleadings is the objective, "[i]t is the boast of equity that it regards the substance and not the forms of things. And hence, it is that pleadings not technically in the form required by the strict rules of pleadings will often be so treated as to attain the ends of justice." *Cralle v. Cralle*, 79 Va. 182, 187 (1884). Ex-Wife's motion to dismiss the petition because it is not in the proper form is denied.

## Termination of Alimony

The Marital Settlement Agreement of the parties says that "the alimony portion [of the monthly payments made by the ex-husband] shall be payable for a term of 5 years commencing May 1, 2001. Neither the term or the percentage of this alimony shall be modifiable by either party." As previously agreed by the parties in the forum selection clause of their contract, Florida law governs this agreement. In Florida it is an abuse of discretion for a court to enter an order that contradicts the terms of a settlement agreement. *Russell v. Russell*, 715 So. 2d 1114, 1117 (Fla. App. 1998); *Bissell v. Bissell*, 622 So. 2d 532, 533 (Fla. App. 1993); *Schneider v. Schneider*, 389 So. 2d 311 (Fla. App. 1980). Accordingly, the settlement agreement, which clearly and unambiguously terminates alimony five years from May 1, 2001, controls. Any ambiguity in the court orders concerning alimony is construed so as to be consistent with the settlement agreement. Ex-husband's obligation to pay alimony terminated April 30, 2006.

## Alimony Overpayments

Voluntary overpayments of support made with full knowledge of all the facts, even if made based on a mistaken understanding as to the law, cannot be recovered, absent fraud or improper conduct. *Newton v. Newton*, 202 Va. 515, 518-20 (1961). See also *Sanford v. Sanford*, 19 Va. App. 241, 246 (1994). For similar results under Florida law, where husband was denied recovery for extra alimony payments made but not required by the controlling court order, see *Hubshman v. Hubshman*, 379 So. 2d 670 (Fla. App. 1980). In our case, ex-husband did not want to take a chance on being held in contempt of court if his analysis of the law applicable to the facts was wrong. He therefore chose to pay money that was not legally enforceable against him. Accordingly, he cannot recover any of the voluntary alimony payments made by him after April 30, 2006.

*Child Support*

The parties stipulated to all of the facts necessary to determine child support under the Virginia child support guidelines. The Court finds that the guideline computations that exclude alimony payments from ex-husband to ex-wife are accurate. Any child support adjustment should be made effective the date of the *de novo* hearing.