# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-786
Lower Tribunal No. 13-20251
_____

**Charles Viscito,**
Appellant,

vs.

**Barbara Viscito,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Crabtree & Auslander and John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg, for appellant.

Richard A. Schurr; Christy L. Hertz, for appellee.

Before SUAREZ, LAGOA and SALTER, JJ.

PER CURIAM.

<u>On Motion for Review of Judgment Awarding Appellate Fees and Costs</u>

Charles Viscito seeks review of a circuit court order and judgment awarding

appellate attorney's fees and costs to the appellee, Barbara Viscito, pursuant to our opinion affirming the trial court's final judgment in the parties' dissolution of marriage case,[1] and our order conditionally granting and remanding the motion for appellate attorney's fees. Mr. Viscito's motion is well taken; the trial court's order awarded Ms. Viscito $63,364.00 in appellate attorney's fees and $4,208.00 for costs without entering the findings required by Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997), and section 61.16, Florida Statutes (2016).

Our order of December 21, 2016, specified that Ms. Viscito's motion for appellate attorney's fees was "conditionally granted and remanded to the trial court to fix amount pursuant to Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997)." Rosen requires a "need and ability to pay" analysis before an award is made. "Appellate attorney's fees are awarded on the basis of needs and ability to pay in family law cases and not on the prevailing party analysis." Phillip J. Padovano, 2 Fla. Prac., Appellate Practice § 22:5, n. 5 (2016 ed.). Section 61.16(1) makes this assessment equally applicable to an award of costs as well as appellate attorney's fees, "unless an appellate party's cause is deemed to be frivolous." Our opinion in this appeal did not deem Mr. Viscito's arguments to be "frivolous."

---

[1] Viscito v. Viscito, 214 So. 3d 736 (Fla. 3d DCA 2017). Mr. Viscito's petition for discretionary review by the Supreme Court of Florida is pending, case no. SC17-697.

2

A review of the hearing transcript shows that the trial court believed that this Court's December 21, 2016, order only required a determination as to reasonable fee amount. The language used by this Court (to "fix" an amount pursuant to Rosen) may have led to this conclusion. At the fee and costs hearing, the former husband argued that the trial court was required under this Court's "conditional" grant of fees to consider first need and ability to pay, but the trial court would not hear argument on the issue as it was under the impression that it was only required to fix an amount.

As this Court explained in Randall v. Randall, 930 So. 2d 840 (Fla. 3d DCA 2006), this Court may either grant appellate attorney's fees and remand for the trial court to assess a reasonable fee,[2] or provisionally grant appellate attorney's fees and remand to establish entitlement under Rosen, but in either event, the Court's "order says so." Id. at 841.

And as the Fourth District Court of Appeal explained in Gerhardt v. Gerhardt, 738 So. 2d 485, 486 (Fla. 4th DCA 1999), reiterating that Court's holding in White v. White, 683 So. 2d 510, 512-13 (Fla. 4th DCA 1996):

> [W]hen we grant a motion for appellate attorney's fees founded on section 61.16, we have no way of knowing how great is the need to equalize the access to legal services, nor how great is the ability to pay. . . .

[2] This might occur when "there is no question from the content of the record that, based upon the relative finances of the parties, one party is entitled to fees." Rados v. Rados, 791 So. 2d 1130, 1133-35 (Fla. 2d DCA 2001).

3

Hence, a blanket grant of a motion for appellate attorney's fees under section 61.16 is, unless we expressly say otherwise in the order granting the motion, a determination of only whether the matter of appellate fees should be further addressed by the trial court. It represents our tentative conclusion that the moving party should be given a chance to show that he or she needs help from the adverse party as to some or all of the appellate fees reasonably incurred and, if the need is proven, that the paying party has the ability to defray some or all of the moving party's fees. We have then concluded preliminarily that an apparent, or *prima facie*, basis for a fee award exists under section 61.16, but that the final award is subject to a determination of need and ability by the trial judge. It is not an apportionment decision by us of the moving party's needs or the paying party's ability, any more that it represents a decision by us as to the amount of the fees deemed reasonable.

As already noted, this Court's December 21, 2016, order states that the attorneys' fees are "conditionally granted" and that the trial court is to fix an amount pursuant to Rosen—which itself requires that primary consideration be given to the financial resources of the parties. There was no evidence presented at the fee and costs hearing regarding the financial resources of the parties, the former wife's need for appellate attorneys' fees, or the former husband's ability to pay. The fee and costs order is therefore not supported by competent, substantial evidence and constitutes an abuse of the trial court's discretion. See Sierra v. Sierra, 505 So. 2d 432, 434 (Fla. 1987) ("[T]he necessity and the reasonableness of an award of attorney's fees must be supported by competent substantial evidence.

4

The party who is going to suffer the financial detriment of payment of the fees must be provided an opportunity to be heard.").

The costs award also requires consideration of "the relative financial resources of the parties" as specified by section 61.16(1). We therefore reverse and remand to the trial court the order and judgment of May 17, 2017, for consideration under Rosen, section 61.16, and this opinion.