PER CURIAM.
The marriage of the parties was dissolved by final judgment by which custody of the child of the marriage was awarded to the mother, but that aspect of the final judgment was reversed by this court. See Snedaker v. Snedaker, 327 So.2d 72 (Fla. 1st DCA 1976). The child’s mother, appellant sub judice, thereafter remarried and petitioned for modification and award of custody, alleging a change in circumstances. The trial judge denied the petition and awarded the husband, appellee here, attorney’s fees pursuant to Florida Statute 61.16. This appeal followed.
It is axiomatic that the orders of a trial judge reach an appellate court clothed with a presumption of correctness. Our review of the record fails to reveal error.
Appellee has filed a motion for an award of attorney’s fees incident to this appeal. Allowance of attorney’s fees on appeal is governed by the same considerations as those applicable in the court from whence the appeal emanates. Although appellee has requested attorney’s fees, his motion fails to allege his need or appellant’s ability to pay. See Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977) and Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). Therefore, although appellee prevails in the appeal there is no basis for our determination as to whether or not an attorney’s fee may be properly allowed. Though it is appropriate, when we determine that an award of attorney’s fees is proper, to remand the case to the trial court for the purpose of taking evidence to determine the amount of the award we do not deem it appropriate, in a domestic relations matter, that the case be remanded for the trial court to determine whether or not any fee should be allowed for services of an attorney incident to the appeal. Accordingly, the motion for attorney’s fees is denied.
Motion denied.
BOYER, C. J., and McCORD and MILLS, JJ., concur.