350 So.2d 1152 (1977)
William George DRESSER, Appellant,
v.
Brenda Wilsey DRESSER, Appellee.
No. FF-212.
District Court of Appeal of Florida, First District.
October 26, 1977.
*1153 Harold B. Haimowitz, Jacksonville, for appellant.
Frank M. Scruby of Scruby, Yonge & Cobb, P.A., Orange Park, for appellee.
SMITH, Judge.
We have reviewed the merits of this appeal on money issues in a marriage dissolution proceeding and find no error. The judgment therefore will be affirmed.
As is customary in these cases, the appellee wife timely filed, with her brief on the merits, a motion for allowance of fee money on account of the past and prospective appellate services of her attorney. Fla.App.R. 3.16 e. The motion was in simple terms, requesting the desired relief but making no recitation of supporting grounds. In this the motion is typical of motions which this court has frequently granted when deciding appeals favorably to the appellee wife. With some exceptions not reflected by published opinions, this court until recently has favorably considered similar motions by the prevailing appellee when it appeared from the record that the trial court awarded fee money to the appellee in the judgment of dissolution. We also have awarded fee money to the prevailing appellant when, in the dissolution judgment, the trial court awarded fee money to that party. Our unstated rationale for that practice was as described in Ludemann v. Ludemann, 317 So.2d 860, 861 (Fla. 4th DCA 1975): that the determination of whether to award fee money for appellate services in dissolution litigation is a prerogative of the appellate court; that, as in the trial court, the controlling circumstances are "one party's need for, and the other party's ability to pay, reasonable attorney's fees"; and that we may assume, in the absence of a contrary showing, that the disparity in economic ability which supported the trial court award has continued through the appellate process. Almost invariably we have remanded *1154 cases to the trial court to set the amount of the award upon consideration of the appropriate factors in the attorney's services.
Our increasing concern with the reliability of assuming continued economic disparity between the parties during the appeal led a panel of this court to depart from our prevailing practice in Burns v. Snedaker, 348 So.2d 597 (Fla. 1st DCA 1977). Relying on prior decisions which were concerned with the adequacy of allegations and proof of the requisites for fee money awards in trial courts, the court stated:
"Although appellee has requested attorney's fees, his motion fails to allege his need or appellant's ability to pay. See Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977) ... and Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977)... . Therefore, although appellee prevails in the appeal there is no basis for our determination as to whether or not an attorney's fee may be properly allowed.... Accordingly, the motion for attorney's fees is denied." 348 So.2d at 598.
Adherence to the Burns opinion would, of course, require denial in this case of appellee's motion. However, we have reconsidered the implications of the Burns opinion. Although we are reluctant to assume that any disparity in the parties' financial abilities at the time of dissolution has continued until disposition of the appeal, we recognize it is impractical and inappropriate for an appellate court to entertain and resolve issues concerning the relative financial abilities of the parties at the time an appellate motion for allowance of fees is filed, or when a response may be seasonably filed, or when the case is submitted by argument or otherwise, or when the appellate decision is rendered. Short of taking testimony or conducting a trial by affidavits, we cannot determine the issues that adherence to Burns will generate.
We therefore recede from Burns insofar as that decision calls for factual representations by the movant concerning circumstances which may justify an appellate award of fee money. In this case and henceforth we shall undertake to dispose of such motions without either indulging problematic assumptions or undertaking a trial of new issues on appeal. When we consider a fee money award inappropriate regardless of the parties' financial circumstances, we shall exercise our prerogative to deny such motions. But when the trial court has awarded fee money to the moving party and it appears that a further award on account of appellate services is appropriate, assuming the relative financial needs and abilities of the parties are essentially the same as at final judgment, we shall provisionally grant the motion for allowance of fee money and remand to the trial court both the question of the amount of a reasonable fee for the appellate services of the movant's lawyer and the question of what part of that amount, if any, should be paid by the other party because of a present disparity in ability to pay. Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967, 970 (Fla. 1st DCA 1977).
A provisional award is appropriate in the case now before us. The judgment of dissolution entered August 20, 1976 required adjustments in the parties' economic affairs which tended to lessen the husband's substantially greater ability to pay and the wife's correspondingly greater need. The judgment awarded $500 on account of services to the wife's lawyer in the circuit court. Thereafter an issue arose in implementing the final judgment and the trial court determined that issue favorably to the wife, leading to this appeal by the husband on March 15, 1977. The appellee wife has now prevailed on the appeal[1] and there are no circumstances before us which militate against an award of fee money to her. The dissolution judgment affords a predicate for finding that there was disparity in the parties' *1155 need and ability to pay at that time; but the evidence is stale. We therefore provisionally grant the motion of appellee wife for a reasonable award on account of her lawyer's services on appeal, but remand the case for trial court determination of the amount of a reasonable fee for such services and the portion of it, if any, that appellant husband should be required to pay because of continuing disparity in the parties' needs and abilities to pay.
The judgment on which the appeal was taken is AFFIRMED. Appellee's motion for allowance of fee money is provisionally granted and the case is remanded for further proceedings.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] We need not and do not here decide that fee money for appellate services can never be awarded the losing party who otherwise shows the propriety of such an award. See Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936); Valparaiso, 343 So.2d at 971.