403 So.2d 1388 (1981)
Charles A. JOHNSON, Appellant,
v.
Amanda JOHNSON, Appellee.
No. 80-2081.
District Court of Appeal of Florida, Second District.
October 7, 1981.
*1389 Robert M. Johnson, P.A., Sarasota, for appellant.
John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for appellee.
GRIMES, Judge.
This is an appeal from an order directing a divorced husband to pay his former wife an additional $800 a month.
The Johnsons divorced in 1977. The final judgment incorporated a written agreement which provided that Dr. Johnson would pay Mrs. Johnson $2,000 a month as alimony and child support for ten years and one month. Mrs. Johnson was also to receive a lump sum payment of $3,000 together with certain personal property and the right to live in the jointly owned home for as long as she desired or until she remarried. The agreement contained language to the effect that it superseded all prior understandings or agreements between the parties.
In March, 1980, Mrs. Johnson filed a petition for modification in which she sought an increase in her periodic alimony, an additional award of child support, and attorney's fees. At the hearing, she testified, over objection, that she had worked for Dr. Johnson prior to the dissolution at a salary of $800 a month. Her duties consisted of substituting for regular employees when they were sick or on vacation. She stated that in negotiating for the dissolution, Dr. Johnson orally agreed to keep her on the books of his professional association as an employee for wage and pension purposes during the term of the written agreement at the same salary. She said that even though she did no work in his office after the dissolution, the professional association paid her $800 a month for a year and a half. Dr. Johnson then arranged for her to obtain a higher paying job, but she held this job for less than a year because she was incapable of doing the work. Mrs. Johnson also testified concerning her increased expenses because of inflation and about her physical and psychological difficulties. Finally she presented evidence of Dr. Johnson's substantial earnings.
Dr. Johnson on the other hand denied the existence of any agreement to continue Mrs. Johnson's employment after the dissolution, and he pointed out that he had recently suffered severe physical setbacks which were likely to decrease his earning potential. The court ruled that at the time of the execution of the written settlement agreement the Johnsons also had an oral agreement under which he would pay her the additional $800 a month. The court ordered the payment of the additional sum as maintenance and support each month for the balance of the term of the initial written agreement and awarded attorney's fees.
Dr. Johnson argues that the court should have excluded any evidence of the oral agreement under the parol evidence rule because all prior negotiations merged into the contract. He is clearly correct.
Parol evidence is not admissible to vary the terms of a written agreement. Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1953); First Guaranty Corp. v. Palmer Bank & Trust Co., 405 So.2d 186 (Fla. 2d DCA 1981).

*1390 All conversations and parol agreements between the parties prior to or contemporaneous with the written agreement are considered to have been merged therein so that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that which is expressed in the written agreement.
3 S. Gard, Jones on Evidence § 16:1, at 75 (6th ed. 1972). Of course, the parol evidence rule does not preclude evidence of a contemporaneous oral agreement amounting to a separate transaction which does not relate to the agreement embodied within the written instrument. B.F. Goodrich Co. v. Brooks, 113 So.2d 593 (Fla. 2d DCA 1959). Whether the oral agreement comes within the field embraced by the written one depends on whether both agreements relate to the same subject matter and are so interrelated that it would be expected that the parties would naturally and normally include the oral agreement within the written one. 4 S. Williston, Treatise on the Law of Contracts § 638 (3d ed. 1961).
In the present case, the settlement agreement spelled out in detail Dr. Johnson's obligations to his wife. Therefore, the issue of whether Dr. Johnson was obligated to keep Mrs. Johnson on the payroll was necessarily within the scope of the written agreement. Since the written agreement did not express this obligation, the parol evidence rule barred any evidence that Dr. Johnson orally agreed to such an obligation.
Mrs. Johnson cites authorities for the proposition that an oral agreement may modify a written agreement if the parties have accepted the oral agreement and acted upon it in such a manner as would work a fraud on either party in the event the court refused to enforce it. Professional Insurance Corp. v. Cahill, 90 So.2d 916 (Fla. 1956); Harris v. Air Conditioning Corp., 76 So.2d 877 (Fla. 1955). These cases are beside the point because they refer to the rule that a subsequent parol agreement can always modify a written agreement. 3 S. Gard, supra, § 16:10, at 101. The oral agreement in this case was made prior to or contemporaneous with the execution of the written agreement. The exception of part performance is a principle applicable to the statute of frauds rather than the parol evidence rule. Cottages, Miami Beach v. Wegman, 57 So.2d 439 (Fla. 1951).
Presumably, because it was providing Mrs. Johnson relief by enforcement of the oral agreement, the court never passed on whether it should modify the final judgment because of changed circumstances.[1] Therefore, since we are setting aside the enforcement of the oral agreement, we will remand the case to allow the court to consider whether the wife has made a case for modification based on changed circumstances. Upon remand, the court may consider the previous record and any additional evidence it wishes to receive. We express no opinion concerning the issue of modification except to point out that the husband's contention that the agreement incorporated into the judgment was a nonmodifiable property settlement agreement has no merit. Considered in its entirety, the document has more of the characteristics of an agreement providing for alimony and support which is subject to modification upon a showing of changed circumstances.[2]Fort v. Fort, 90 So.2d 313 (Fla. 1956); Ohmes v. Ohmes, 200 So.2d 849 (Fla. 2d DCA 1967); § 61.14, Fla. Stat. (1979).
*1391 We must now address the issue of attorney's fees. Unlike most statutes authorizing attorney's fees, section 61.16, Florida Statutes (1979), does not require that the award be made to the prevailing party. Therefore, where the relative financial circumstances of the contestants justify it, even the losing party may be awarded a fee. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). See Cambest v. Cambest, 367 So.2d 686 (Fla. 3d DCA 1979). Here, Dr. Johnson could well afford to pay the fee, and there was sufficient evidence to demonstrate that it would strain Mrs. Johnson's resources for her to do so. Thus, we will not disturb the award of attorney's fees.
We reverse that portion of the judgment which enforces the oral agreement but affirm the award of attorney's fees. We remand the case for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and CAMPBELL, J., concur.
NOTES
[1] Any suggestion that the court necessarily rejected the wife's arguments on changed circumstances is refuted by the fact that the final order, as originally drafted, contained a finding that the wife had failed to meet the burden of proving a substantial change in circumstances, but the court struck this finding before signing the order.
[2] Admittedly, the agreement appears to bind the husband's estate to the periodic payments. On the other hand, it also provides that if the wife remarries, the property shall thereafter be treated as support payments for the children, terminable in increments as they reach their majority. More significantly, the wife gave up no property as a result of the agreement, so it is difficult to construe the support provisions thereof as a property settlement. See Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980).