NIMMONS, Judge.
Appellants appeal from a final judgment permanently enjoining appellants from advertising or promoting their business in the manner hereinafter described. We affirm in part and reverse in part.
Prior to March 1, 1983, appellee, Two Haynes Enterprises, Inc. (Two Haynes), operated two stores on the beach road in Panama City Beach, the “Surf Shak” and the “T-Shirt Shak.” The stores were a few hundred yards apart and both sold beachwear and sportswear. In March 1983, Two Haynes and the Whaleys[1] entered into an agreement for the sale and purchase of the business assets of The T-Shirt Shak including the store’s equipment, inventory and fixtures. Two Haynes also assigned to the purchasers its interest in the leasehold on the premises. Included in the agreement was the following provision:
D. The BUYERS stipulate and agree that they, their agents, servants and/or employees, will refrain from using the name or word “Surf” or any surf or surfing logos, on any signs, marquees or any exterior surfaces attached or used in the promotion of said business.
*416 In August 1986, Two Haynes filed suit against appellants seeking injunctive relief by reason of the appellants’ alleged violation of the above provision. Two Haynes contended that it was violative of the agreement for Trader Rick’s to display the trademarks of certain beachwear manufacturers such as O.P. (Ocean Pacific), Sundek and Sun Britches, and to advertise such products in magazines and other advertising materials.
After final hearing, the trial court entered an injunction in favor of Two Haynes permanently enjoining appellants from
advertising or promoting their business by using the name or word “Surf” and/or surfing logos as more specifically described above;[2] on any signs, marquees, in magazine advertisements or other printed advertisements, on the exterior surfaces attached to the business and/or in the promotion of their business.
The appellants do not take issue with the injunctive order insofar as the appellants are permanently enjoined from maintaining on the outside of their store any “signs, marquees or any exterior surfaces” which include: (1) the word “surf” or (2) any logos showing surfing or surfing scenes. Such is, according to the appellants, what the parties agreed to and the appellants are willing to continue to be bound by such restrictions. What the appellants do complain about is the unwarranted expansion of the above clause to preclude appellants from displaying and advertising, either on the outside of their store or elsewhere, beachwear and sportswear which do not demonstrably illustrate surfing.
The expansive interpretation embraced by Two Haynes and adopted by the trial court is predicated upon the testimony of certain of the appellee’s witnesses who explained that certain brand name beachwear have such a close identification or nexus with the activity of ocean surfing that the trademarks of such products ought to be regarded as “surfing logos” notwithstanding the fact that the trademarks for such products contain nothing in themselves to suggest surfing. This testimony is a thin reed indeed upon which to base the court’s order, particularly in view of the disparity between the plain language of the subject clause and the rather contorted gloss placed on it by Two Haynes and adopted by the trial court. If, as Two Haynes contends, this was its intention when its attorney drafted the agreement, it would have been easy to have spelled out that intention. To do so now would be to rewrite the agreement and would have a significant impact upon the operation of appellants’ business, a business in which both parties to the agreement fully contemplated that the appellants would be engaged.
We need not reach the Chapter 542, Florida Statutes, (restraint of trade) issue raised by the appellants inasmuch as the appealed order is vulnerable on the above grounds. And although the order is only partially reversible as discussed above, appellants do not contend that the portion which we leave intact is either contrary to the intent of the parties or violative of Chapter 542. Our opinion should not be read as expressing any view, by innuendo or otherwise, as to whether the portion of the order which we leave intact is contrary to Chapter 542.
The order is affirmed insofar as it enjoins the appellants from maintaining on the outside of their store any “signs, marquees or any exterior surfaces” which include: (1) the word “surf” or (2) any logos showing surfing or surfing scenes. Otherwise, the order is reversed.
BOOTH and SHIVERS, JJ., concur.

. The agreement was with L.O.G. Whaley and his wife, Ethel M. Whaley. The record is not entirely clear as to the interest of the defendant/appellant Richard Whaley. Suffice it to say that Richard Whaley at some point became an officer of the corporate defendant, Trader Rick's, Inc. and was manager of Trader Rick’s, the store which was formerly operated by Two Haynes as the T-Shirt Shak but which, subsequent to the purchase and sale, was operated as "Trader Rick’s” by the appellants.

. The injunctive order in an earlier paragraph described the "surfing logos” as follows:
[Sjuch symbols, logos, logograms and logotypes include, but are not limited to, the following national brand names, to-wit: "Sun Britches, Maui and Sons, Sundek, Ocean Pacific, Lightning Bolt, Gordon & Smith, Hot Tuna, Jimmy'z, Sex Wax, Ripcurl, Body Glove, Too Hot Brazil, Quicksilver, Billabong, Local Motion, O.P., and Pipeline_"