BASKIN, Judge.
Ann Winset appeals an order denying her motion for contempt against her former husband for failing to pay his share of their son’s college education and for violating the intent of the property settlement agreement. We reverse.
Despite its title, the “Property Settlement Agreement” is not a true property settlement agreement because it purports to provide for the support of the wife and the then minor son rather than to exchange financial rights and obligations. Halpern v. Halpern, 436 So.2d 366 (Fla.3d DCA 1983); Zuccarello v. Zuccarello, 429 So.2d 68 (Fla.3d DCA 1983); Johnson v. Johnson, 403 So.2d 1388 (Fla.2d DCA 1981); see also Petty v. Petty, 548 So.2d 793 (Fla.lst DCA 1989); see generally Kuhnke v. Kuhnke, 556 So.2d 1121 (Fla.3d DCA 1989). The former husband agreed to continue running the family business in which the former wife has a 40% interest and the son a 20% interest. In exchange for that undertaking, the wife waived alimony and forewent support payments. The husband’s commitment served to discharge his obligation to support his family; the provisions of the support agreement are therefore properly enforceable by contempt, Zuccarello, and may be modified upon a showing of a substantial change in circumstances. Johnson. Because the husband’s actions have affected the ability of the family business to furnish support, on remand, the trial court should devise other arrangements for the wife’s support and may also consider the merits of the defense of laches.
Having found that contempt proceedings are appropriate, we address the husband’s refusal to pay his proportionate share of the son’s college education. The parties’ agreement arranged for their son’s college education. The former husband has failed to make any college education payments and argues that, despite the language in the agreement, he has no obligation to furnish a college education once his son has attained the age of majority. Furthermore, he maintains that his son, not his former wife, is the proper party to seek enforcement of the provision. We disagree. When parties to a dissolution proceeding agree to educate their child after the child reaches age of majority, the agreement is valid and may be enforced by either party to the agreement. Holmes v. Holmes, 384 So.2d 1295 (Fla.2d DCA 1980); see also Kern v. Kern, 360 So.2d 482, 486, n. 6 (Fla.4th DCA 1978) (“Nothing in this opinion should be construed as limiting the power of a court to enforce a stipulated-to agreement between the parties in a dissolution proceeding.”). Accordingly, the former wife is entitled to seek enforcement of the agreement to provide a college education for the parties’ son, even though he has reached the age of majority. We remand for the trial court to order the husband to pay his proportionate share of the son’s college education and to reimburse the wife for sums she has already expended in excess of her obligation.
Reversed and remanded for further proceedings.