BARFIELD, Judge.
Appellants, originally the defendants below, appeal an attorney’s fee order of the *1222 trial court entered on remand from the parties’ prior appeal. Whaley v. Two Haynes Enterprises, Inc., 534 So.2d 415 (Fla. 1st DCA 1988). Appellants assert that the trial court erred in considering appellee’s trial fees as an offsetting penalty to the fee awarded appellants on appeal, and in ordering each party to pay their own attorney’s fees. We agree and reverse.
Pursuant to the sales agreement under which this litigation arose the parties agreed that in any suit arising out of the contract the prevailing party would be entitled to be reimbursed by the non-prevailing party for costs and a reasonable attorney’s fee. When the injunction granted based on this contract was partially reversed on appeal this court entered an order under Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977), granting appellants’ motion for an appellate attorneys fee and remanding to the trial court for a determination of the amount. Appellee’s motion for an appellate attorney’s fee was denied.
On remand the trial court heard testimony that a reasonable fee for appellants’ appeal would be approximately $5,500 to $10,000, and a reasonable fee for the trial representation would be approximately $3,600 to $4,000. Appellee’s attorney’s fee for the trial was $1,670.50. As a simple mathematical matter, appellants’ fees cannot properly be “offset” against that of appellee.
On remand the trial court should determine the amount of a reasonable attorney’s fee for the appellants’ prior appeal, and award it. Appellee is not entitled to any fee award for the prior appeal. The court should then determine a reasonable fee for the parties’ representation at the trial level and award and/or offset their fees accordingly.
REVERSED and REMANDED.
WIGGINTON and WOLF, JJ„ concur.