817 So.2d 1104 (2002)
Jacquelyn PINDER n/k/a, Jacquelyn Delombard, Appellant,
v.
Herbert PINDER, Appellee.
No. 2D01-4702.
District Court of Appeal of Florida, Second District.
June 14, 2002.
*1105 Warren A. Wilson, III, and Dennis R. Long of Wilson, Wilson & Long, P.A., Palm Harbor, for Appellant.
Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
This is the second appearance of the parties before us in this dissolution of marriage case that is noteworthy for the complicated financial affairs of the parties. In the first appeal, Pinder v. Pinder, 750 So.2d 651 (Fla. 2d DCA 1999), the former wife raised six issues and the former husband raised five on a cross-appeal. We reversed in part and affirmed in part the final judgment of dissolution with instructions to the trial court on remand. As the trial court was wrestling with the issues before it on remand, the former wife brought this appeal from a nonfinal order raising two points: the trial court's interpretation of our instructions to it in the previous appeal on the lump sum alimony issue, Pinder, 750 So.2d at 653, and its imposition of a temporary restraining order against her prohibiting her from encumbering or disposing of her out-of-state property. We conclude that we are without jurisdiction to address the trial court's interpretation of our instructions on the lump sum alimony issue as it is not one of the appealable nonfinal orders enumerated in Florida Rule of Appellate Procedure 9.130(a)(3). We have jurisdiction to address the temporary injunction, see rule 9.130(a)(3)(B), and again reverse in part and affirm in part.
We affirm that part of the order imposing the temporary injunction because the former wife, as the appellant, has not carried her burden to show that it was error to do so. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). However, it was error for the trial court to fail to require a bond as a prerequisite to the temporary injunction order. See Fla. R. Civ. P. 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."). Under the compulsory language of the rule, the trial court has no discretion to dispense with the requirement of a bond. Bellach v. Huggs of Naples, Inc., 704 So.2d 679 (Fla. 2d DCA 1997); Doss v. Doss, 643 So.2d 1170 (Fla. 2d DCA 1994). On remand, the trial court shall set the bond after providing both parties with the opportunity to present evidence regarding the appropriate amount.
*1106 The nonfinal order imposing the temporary injunction is affirmed but the cause is remanded for further proceedings to set the amount of the bond.
SALCINES, J., Concurs.
BLUE, C.J., Concurs with opinion.
BLUE, Chief Judge, Concurring.
As the author of the original opinion, I must add my two cents. In the first appeal, Mrs. Pinder challenged both the trial court's decision to award alimony to Mr. Pinder AND the trial court's decision to use a nonmarital asset as lump sum alimony. Mr. Pinder argued that the trial court erred by characterizing the Florida house as a nonmarital asset and by failing to give him credit for its enhanced value. Against this backdrop of interrelated issues, we affirmed the trial court's finding that the Florida house was a nonmarital asset. We directed the trial court to decide whether its value had been enhanced by marital assets or labor and to distribute any enhancement it found. We also affirmed the trial court's decision to award Mr. Pinder alimony and, thus, rejected Mrs. Pinder's challenge to the alimony decision. Pinder, 750 So.2d at 653. We also held that other, significant assets were nonmarital, which would remove the assets from the equitable distribution and substantially improve Mrs. Pinder's financial situation.
In the current appeal, Mrs. Pinder argues that the trial court is erring on remand by leaving the Florida house as lump sum alimony. Although we lack interlocutory jurisdiction over this issue, I am compelled to point the trial court and the parties to this court's express directions for handling this case on remand: "After reconsideration of all pertinent issues, the trial court should refashion the equitable distribution scheme. Subsequent to that, the trial court should redetermine Mr. Pinder's need for alimony and Mrs. Pinder's ability to pay." Pinder, 750 So.2d at 653 (emphasis added). I read the above to direct the court to start over on the alimony question after the equitable distribution has been corrected. I do not read this to approve or disapprove any of the possibilities available to the trial court in fashioning an alimony provision.