SALCINES, Judge.
Herbert Pinder, the Former Husband, appeals a second amended final judgment of dissolution of marriage. This appeal arises from remand proceedings below and is the third appeal taken in this dissolution of marriage action. See Pinder v. Pinder, 750 So.2d 651 (Fla. 2d DCA 1999) (appealing final judgment of dissolution of mar *872 riage) (Pinder I); Pinder v. Pinder, 817 So.2d 1104 (Fla. 2d DCA 2002) (appealing interlocutory orders) (Pinder II). The trial court’s parameters, on remand, were set forth by this court in Pinder I and discussed by the concurring opinion in Pinder II. We reverse and remand the second amended final judgment because the trial court failed to follow this court’s mandate in some instances and abused its discretion in other respects.
The Former Husband raises numerous issues in this appeal relating to alimony, equitable distribution, and attorney’s fees, as well as other matters. It is our hope that this opinion will provide clear guidance to the trial court to enable it to comply with our mandate. Thus, we have addressed each issue individually although we recognize that some issues overlap.
Before addressing each point, we note that the trial court, on our previous remand, did not hold an evidentiary hearing and instead relied on the record of the original final hearing supplemented by written closing arguments from the parties which were prepared after the issuance of Pinder I. Thus, the financial evidence considered on remand and presented in this appeal was the same as that presented at the original final hearing and presented on appeal in both Pinder I and Pinder II.
I. ALIMONY
In this appeal, the Former Husband challenges the trial court’s denial of an award of alimony to him in the second amended final judgment. The trial court, on the previous remand, erred in denying alimony to the Former Husband.
Both in Pinder II and in the present appeal, the parties professed great confusion over this court’s alimony determination in Pinder I. This court, in Pinder I, expressly affirmed the trial court’s decision to award the Former Husband alimony (specifically rejecting the Former Wife’s sixth issue in that appeal in which she argued that he was not entitled to alimony), but we left the door open for the trial court, on remand, to determine whether permanent alimony was appropriate. We instructed the trial court to revisit the alimony issue once it corrected the equitable distribution schedule. In Pinder I, we then added that after the trial court completed the foregoing steps, it “should redetermine Mr. Pinder’s need for alimony and Mrs. Pinder’s ability to pay” noting that “while we make no determination that Mr. Pinder is entitled to permanent alimony, which he seeks in his first issue, neither do we foreclose the trial court from considering this on remand.” 750 So.2d at 653, 653 n. 5. Then, in Pinder II, the authoring judge in Pinder I wrote a special concurrence in which he stated: “We ... affirmed the trial court’s decision to award Mr. Pinder alimony and, thus, rejected Mrs. Pinder’s challenge to the alimony decision.” Pinder II, 817 So.2d at 1106 (Blue, J., concurring).
In other words, this court held that the Former Husband was entitled to alimony, but the trial court, on remand, was required to determine the appropriate type and amount of alimony after it corrected the distribution schedule. The determination as to the appropriate type and amount of alimony required an evaluation of the Former Husband’s need and the Former Wife’s ability to pay based upon the corrected equitable distribution schedule.
At the time this court decided Pinder I, we were aware of the financial resources available to each of the parties, and on remand those same resources were relied upon by the trial court when it entered the second amended final judgment. Under those facts, we found that the Former Husband was entitled to some form of alimony. Although we afforded the trial *873 court discretion, on remand, to structure the alimony, it did not have the discretion to deny alimony. See Straley v. Frank, 650 So.2d 628 (Fla. 2d DCA 1994) (recognizing that when appellate courts mandate issues, compliance by trial court with that mandate is a purely ministerial act).
On remand, the trial court must correct the equitable distribution schedule as further explained in this opinion. After accomplishing this task, the trial court is instructed to determine the amount and the type of alimony to be awarded based upon all pertinent factors including, but not limited to, the Former Wife’s significantly greater net worth. See § 61:08(2), Fla. Stat. (1997) (enumerating a nonexclusive list of factors to be considered in determining a proper award of alimony or separate maintenance).
II. ATTORNEY’S FEES
The trial court, on remand, denied attorney’s fees and, in the second amended final judgment, stated in no uncertain terms that “neither party is entitled to attorney fees” without distinguishing between trial and appellate fees.
In Pinder I, this court instructed the trial court, on remand, to determine whether an award of attorney’s fees and costs would be warranted based on the financial circumstances of the parties. That reference clearly related to the denial of the Former Husband’s motion for fees and costs incurred in the trial court proceeding.
In Pinder I, the Former Husband filed a motion with this court for attorney’s fees and costs associated with that appeal. This court entered a Dresse[1] order remanding the matter to the trial court for a determination of the Former Husband’s entitlement and the amount to be awarded if entitlement were found. In Pinder II, the Former Husband again filed a motion for attorney’s fees which was remanded to the trial court for a determination of entitlement and, if entitlement were found, a determination of the amount to be awarded.[2]
The Former Wife argues that the issue of appellate fees is not ripe for our review. Although we must decline to review fee orders which merely determine entitlement or reserve jurisdiction to make such a determination because they are nonfinal and nonappealable, see Flanagan v. Flanagan, 673 So.2d 894 (Fla. 2d DCA 1996), the trial court’s denial of fees in the second amended final judgment is both final and appealable.
Further, we have the authority to review the trial court’s denial of the Former Husband’s motion for attorney’s fees incurred in the appeals. Subsequent to this court’s mandate in Pinder II and the entry of the second amended final judgment, the Former Husband filed a motion with this court pursuant to Florida Rule of Appellate Procedure 9.400(c) in which he challenged the trial court’s denial of appellate attorney’s fees. The determination of that motion was deferred for consideration in conjunction with the present appeal.
In denying the Former Husband’s motion for attorney’s fees, both appellate and trial fees, it is clear that the trial court, on remand, did not take into account any of the Former Wife’s nonmarital assets. Instead, it merely relied on the income and earning potential of the parties as of 1997, the year of the final hearing.
For purposes of determining whether to award fees in a dissolution *874 proceeding, a court can look to nonmarital assets as well as the parties’ income-earning abilities in considering the financial resources of parties. Bagley v. Bagley, 720 So.2d 582 (Fla. 4th DCA 1998). In the context of the present case, the trial court, on remand, did not properly evaluate the Former Wife’s ability and the Former Husband’s need in regard to the fee motions and this court’s orders. Instead, it simply determined that the Former Husband had a source of income and the Former Wife did not. The trial court abused its discretion by not considering the Former Wife’s nonmarital assets as well as her income (or lack thereof) in determining whether the Former Husband was entitled to all or any portion of the attorney’s fees and costs he had incurred in the trial proceedings as well as in the appellate proceedings in Pinder I (case number 2D97-4888) and Pinder II (case number 2D01-4702).
In light of the required remand as to the points discussed in sections I and III-VII of this opinion, we instruct the trial court to revisit the fee motions and this court’s prior orders on appellate fees taking into account all appropriate factors including, but not limited to, the Former Wife’s non-marital assets.[3]
III. ISSUES IMPROPERLY MODIFIED BY THE TRIAL COURT ON REMAND
After this court’s decision in Pin-der I, the Former Husband filed a written document purporting to be stipulations on the issues to be considered on remand. The trial court issued a status conference order in which it purportedly attached certain stipulations and gave the parties a date certain within which to object or otherwise waive objections to those stipulations. It is not entirely clear what stipulations were attached to that order.[4]
In this appeal, the Former Husband argues that the Former Wife waived any objections to the stipulations and that the trial court, on remand, erred in failing to comply with three of the purported stipulations. While the Former Wife disputes the validity of those stipulations, she does agree that two of the three equitable distribution determinations made by the trial court run afoul of the instructions in Pin-der I and she concedes that these must be remanded for correction. She agrees that: (1) the court failed to determine whether the bank accounts were marital or non-marital and distribute them accordingly, and (2) the court failed to include the value of the Former Wife’s life insurance policy on the Former Husband and distribute the policy to the Former Wife.[5] Thus, on remand the trial court must address the foregoing matters.
As to the third stipulation-based challenge, the Former Husband, applying somewhat contorted reasoning, claims that the stipulation required the trial court, on remand, to award the Florida real property to him as lump-sum alimony. The Former Wife disagrees, as do we. The Flori *875 da home was determined to be the Former Wife’s nonmarital property, and the trial court was simply instructed that on remand it was to determine if any marital value existed in that property. The trial court resolved this issue, and its determination is not challenged in this appeal. However, this asset must be taken into account as part of the Former Wife’s non-marital property.
IV. MARITAL LIABILITIES IMPROPERLY ADDED ON REMAND
The Former Husband argues that the trial court, on remand, incorrectly included in the second amended final judgment debts previously disposed of in Pinder I, and the Former Wife concedes error on this point. This court, in Pinder I, rejected the Former Wife’s claim of a failure on behalf of the trial court to equitably distribute certain marital debts. Pinder I, 750 So.2d at 652 n. 1. Although our opinion in Pinder I does not list those debts, the parties agree that they included the following: City of Philadelphia taxes ($5474), Chase Bank Visa ($5523) (incorrectly valued at $7523 in the second amended final judgment), 1995 Federal Income Tax ($10,303), and Pennsylvania State Income Tax ($5235). The parties acknowledge that the foregoing should have been excluded from the marital debts portion of the equitable distribution schedule.
On remand the trial court is instructed to exclude the foregoing from the list of marital liabilities.
V. MARITAL ASSETS WHICH WERE NOT RECONCILED ON REMAND
This court, in Pinder I, directed the tidal court, on remand, to reconsider specific contested items, but we did not suggest that it should omit any other uncontested items set forth in the equitable distribution schedule in the original final judgment of dissolution of marriage. Rather, in Pinder I this court directed that a new equitable distribution schedule be fashioned as corrected. The trial court, on our previous remand, failed to reconcile the valuations of the contested items and, instead, completely omitted at least a portion of those items on the equitable distribution schedule included in the second amended final judgment.
In Pinder I, this court directed the trial court to either strike or reconcile an attachment to the amended final judgment which contained several assets and valuations that were inconsistent with the amended final judgment. Id. at 652 n. 2. In Pinder I we did not list each item. In order to avoid further confusion for the trial court on this remand, we identify the following items as those which must be addressed: collectibles, jewelry, mink fur, and IRA. On the conflicting attachment, the collectibles were valued at $5000, the jewelry was valued at $15,000, the mink fur was valued at $5000, and an IRA was valued at $23,520. In the equitable distribution schedule in Pinder I, the collectibles, jewelry, and mink fur were not separately itemized. However, the original final judgment included a general valuation of $20,000 as a marital asset for “Mise, personal property.” It was not clear and remains unclear whether the $20,000 determined to be a marital asset related to some partial valuation of the collectibles, jewelry, and mink fur. The IRA was separately listed and specifically included as a marital asset on that equitable distribution schedule with a valuation of $23,520.
In the second amended final judgment before this court, the trial court failed to reconcile the valuation of the collectibles, jewelry, and mink fur, and entirely exclud *876 ed any valuation for miscellaneous personal property. The trial court, on our previous remand, should have reconciled the conflicting valuation of the foregoing assets rather than simply excluding them from the equitable distribution schedule.
Further, an IRA valued at $16,729.45 was included on the schedule of marital assets in the second amended final judgment-no reference was made to an IRA valued at $23,520. It is not entirely clear whether that IRA was a revaluation of the IRA which had previously been valued at $23,520.
On this remand, the trial court is again instructed to reconcile the valuation of these items and include them on the equitable distribution schedule.
VI. NONMARITAL ASSETS WHICH WERE IMPROPERLY EXCLUDED ON REMAND
In Pinder I, this court directed the trial court, on remand, to change the classification of certain assets from marital to the Former Wife’s nonmarital assets, including the Philadelphia assets (preschool property and building), the JMS investment account, the Oldsmobile, and the antiques. Pinder I, 750 So.2d at 653, 653 n. 4. In Pinder I we also specifically instructed the trial court, on remand, to determine whether the parties’ bank accounts were marital or nonmarital. Id. at 653.
For the most part, the trial court did not follow those directions and instead excluded the foregoing nonmarital assets from its consideration. Section 61.075, Florida Statutes (1997), specifically requires the identification of nonmarital assets in the final judgment. The recognition of the nonmarital assets was particularly important in the present case where there were issues concerning alimony and attorney’s fees. On remand, the court is instructed to properly identify the nonmarital assets.
VII. MARITAL ASSETS WHICH WERE EXCLUDED ON REMAND
The Former Husband argues that the trial court, on the previous remand, failed to follow certain directions the result of which was to improperly exclude marital assets. We have already addressed the majority of the Former Husband’s argument on this issue elsewhere in this opinion.[6] However, the Former Husband raises an argument concerning the trial court’s handling of the Philadelphia assets which we have not addressed elsewhere in this opinion.
In Pinder I, this court directed the trial court not only to reclassify the Philadelphia assets to nonmarital but also to determine if they enjoyed an enhanced value as a result of marital assets or labor and to equitably distribute any portion attributed to the marital enhancement. The trial court determined that there was no enhancement to the Philadelphia assets as a result of marital assets or the Former Husband’s labor.
In this appeal, the Former Husband does not argue that the evidence to support that finding was lacking; instead, he argues that the trial court, on remand, was supposed to revalue those assets and rec *877 oncile conflicts as to their valuation.[7] That argument has no merit. Thus, we decline to disturb the trial court’s factual finding. However, we agree that on this remand the court should include the Philadelphia assets in the list of nonmarital assets.
VIII. PROPRIETY OF FACTUAL FINDINGS ON REMAND
The Former Husband argues that the trial court, on remand, exceeded its authorized scope of review by making factual findings which exceeded this court’s instructions in Pinder I. We agree that the trial court, on remand, took some liberties in this regard. However, factual findings will be necessary on remand to explain the trial court’s handling of the asset, alimony, and attorney’s fees issues. Thus, we authorize the trial court, on remand, to make findings of fact necessary to support the final judgment it enters on remand.
IX. BOND
In Pinder II, this court held that it was error for the trial court, on remand, to fail to require a bond on a temporary injunction. In this appeal, the Former Wife expressly waived any right to proceed with either a bond hearing or for damages resulting from the temporary injunction.
X.CONCLUSION
We are not anxious to contribute to the over litigation which has plagued this matter during the past eight years. Thus, we reiterate that the Former Husband is entitled to some form of alimony. On remand, the trial court’s task is to first correct the equitable distribution schedule as speeifi-eally instructed above and to then determine the amount and type of alimony to award. In making the determination concerning the amount and type of alimony to award, the trial court must consider all pertinent factors including, but not limited to, the Former Wife’s significantly greater net worth. The court is also directed to determine whether the Former Husband is entitled to trial and appellate attorney’s fees and costs and, if so, to determine the amount to be awarded.
Reversed and remanded for further proceedings as directed.
SILBERMAN and VILLANTI, JJ., Concur.

. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).

. That order was entered pursuant to Rados v. Rados, 791 So.2d 1130 (Fla. 2d DCA 2001).

. We note that neither party has filed a motion for appellate fees and costs in the present appeal.

. In the record before our court, the order does not contain the attachment. A supplemental volume contains a separate (unsigned) document which is entitled "Stipulations”; however, that document was not filed with the clerk until July 14, 2004, long after the status conference order. This incongruity in the record, however, is not critical to our disposition on this issue.

.The trial court, on remand, completed part of the mandated task. It valued the Former Husband's life insurance policy on the Former Wife and distributed the policy to the Former Husband. That determination is not challenged in this appeal.

. In the second amended final judgment, the trial court failed to follow the directions regarding the life insurance policies at issue as well as either striking the valuations of the attachment to the amended final judgment or reconciling the contradictory values in that schedule with the asset valuations listed in the equitable distribution chart attached to the amended final judgment. The Former Wife concedes error as to the trial court’s handling of the foregoing matters on remand.

. The Former Husband does not challenge the trial court's determination that there was no enhancement to the Philadelphia assets as a result of marital assets or the Former Husband's labor. The Former Husband seems to have abandoned this challenge despite this court's factual recitation in Pinder I wherein we stated, referring to the Philadelphia property, "Mr. Pinder performed and/or financed some of the renovations on this space.” Id. at 652.