THOMAS, J.
 

 Former Wife appeals the trial court’s order denying her Motion for Relief from Judgment, alleging that Former Husband’s 2005 financial affidavits were fraudulent. We affirm, as we find the appeal without merit, but not frivolous. We write only to address Former Wife’s motion for attorney’s fees filed under section 61.16, Florida Statutes, and rule 9.400, Florida Rules of Appellate Procedure, because we find that Former Wife’s attorney’s fee motion must be remanded to the trial court. We reject Former Husband’s motion for attorney’s fees, as it is not supported by applicable law.
 

 Section 61.16(1), Florida Statutes, states in pertinent part: “In determining whether to make attorney’s fees and costs awards at the appellate level, the court shall
 
 primarily
 
 consider the relative financial resources of the parties,
 
 unless
 
 an appellate party’s cause is deemed to be frivolous.” (emphasis added). The purpose of this section is to ensure that both parties have a similar ability to obtain competent legal counsel.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197 (Fla.1980).
 

 Here, Former Husband vigorously opposes Former Wife’s motion for attorney’s fees, arguing that Former Wife has filed a meritless appeal. Former Husband asserts that under
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997), Former Wife should not be entitled to a grant of attorney’s fees, because she has simply sought to have this court substitute its views of the facts below for the trial court’s views. Former Husband further asserts that it is irrelevant “[wjhether or not [he] has a superior financial ability to pay” such fees.
 
 *1149
 
 Although we affirm the trial court’s order, our decision does not mean the factual findings below were immune to appellate judicial review. Although Former Wife has not prevailed on appeal, her lack of success in this court is not sufficient reason alone to deny her an award of appellate attorney’s fees,
 
 unless
 
 her appeal is frivolous.
 
 See Johnson v. Johnson,
 
 403 So.2d 1388 (Fla. 2d DCA 1981). In
 
 Johnson,
 
 the Second District correctly noted that “[ujnlike most statutes authorizing attorney’s fees, [under] section 61.16, Florida Statutes ... where the relative financial circumstances of the contestants justify it, even the losing party may be awarded a fee.”
 
 Id.
 
 at 1391.
 

 The Florida Supreme Court stated in
 
 Rosen
 
 that “proceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law.” 696 So.2d at 700. It held that the parties’ financial resources are the primary factor to be considered.
 
 Id.
 
 Other relevant factors include: 1) the scope and history of the litigation; 2) the duration of litigation; 3) the merits of the respective positions; 4) whether the litigation is brought or maintained primarily to harass; and 5) prior or pending litigation.
 
 Id.
 
 The supreme court indicated that where a court finds that an action is frivolous or brought to harass the adverse party, the trial court has the discretion to deny a request for attorney’s fees.
 
 Id.
 
 at 701.
 

 Here, Former Wife sought relief below based on Former Husband’s failure to disclose more than $150,000 in earned income, including an $80,000 bonus received within days after the final hearing and before the final order was entered in 2005. In 2010, both parties filed a post-dissolution action. Former Wife eventually brought out this information regarding the undisclosed income during discovery, asserting that it was fraudulently concealed by Former Husband. Had we reversed the trial court’s order denying relief, it could have resulted in a significant increase in Former Wife’s alimony award.
 

 This case highlights the merits of the practice now utilized by the Second District in domestic relations appeals regarding attorney’s fees.
 
 See Rados v. Rados,
 
 791 So.2d 1130 (Fla. 2d DCA 2001). In
 
 Rados,
 
 the Second District noted that it “frequently ‘granted’ motions for attorney’s fees in domestic relations appeals with a citation to the First District’s decision in
 
 Dresser v. Dresser,
 
 350 So.2d 1152 (Fla. 1st DCA 1977).”
 
 Id.
 
 at 1131. The court indicated that although the
 
 Dresser
 
 orders were intended to give the trial court latitude in determining fees, they had created some confusion, especially in light of the supreme court’s pronouncement in
 
 Rosen. Id.
 
 The Second District created the following five “standard” orders to help resolve and give guidance regarding attorney’s fee motions in the domestic relations context:
 

 1. “The motion for appellate attorney’s fees is denied.”
 

 This order will be issued when this court can determine based upon the appellate record that the movant is not entitled to attorney’s fees....
 

 2. “The motion for appellate attorney’s fees is granted. The movant is entitled to an award of all reasonable appellate attorney’s fees.”
 

 This order will be issued when the appellate record supports a holding, as a matter of law, that the movant is entitled to have all of his or her reasonable attorney’s fees paid....
 

 3. “The motion for appellate attorney’s fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, and
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997), the
 
 *1150
 
 trial court is authorized to award the movant all or a portion of the reasonable appellate attorney’s fees.”
 

 This order is essentially ... a
 
 ‘Dresser
 
 ’ order, or a ‘provisional grant’ ... [gives] the motion to the trial court to resolve the fee issue including the relative financial circumstances of the parties and the merits of [their] respective positions.... [T]his order expresses no opinion of the appellate court on what weight those factors should be given.
 

 4. “The motion for appellate attorney’s fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, and
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997), the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney’s fees. This court concludes that the appeal by the
 
 [husband
 
 ]
 
 [wife
 
 ] lacked merit, and therefore the trial court should give great weight to the factors set forth in
 
 Rosen.”
 

 ... This order reflects that this court has concluded that the appeal lacked merit.... [T]he trial court must accept this ruling and apply that factor accordingly. ...
 

 5. “The motion for appellate attorney’s fees is remanded to the trial court. If the movant establishes his or her entitlement pursuant to section 61.16, Florida Statutes, the trial court is authorized to award the movant all or a portion of the reasonable appellate attorney’s fees. The merit of the respective positions of the parties in this appeal is not a factor that the trial court need consider.”
 

 ... [This order] will be issued when the appellate record reflects a good faith basis for the appeal, and thus the issue of entitlement should be determined solely based upon the relative financial needs of the parties.
 

 Rados,
 
 791 So.2d at 1133-1134 (footnote omitted).
 

 Here, we choose to follow the fourth approach provided in
 
 Rados,
 
 because we find that Former Husband is most likely in the financially superior position, and we find that Former Wife’s appeal was without merit but not frivolous. We remand to the trial court to consider the factors established in
 
 Rosen
 
 and determine whether Former Wife should be awarded appellate attorney’s fees.
 

 AFFIRMED and REMANDED with instructions consistent with this opinion.
 

 RAY, J., concurs.
 

 DAVIS, J., concurs in result only.