IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GLENN ROBERT BROGA,
Former Husband,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.                CASE NO. 1D16-20

LINDA MARIE BROGA,
Former Wife,

    Appellee.

_____/

Opinion filed October 11, 2017.

An appeal from an order of the Circuit Court for Leon County.
Karen A. Gievers, Judge.

Emilian "Ian" Bucataru, Tallahassee, for Appellant.

No appearance for Appellee.


KELSEY, J.

We previously reversed several aspects of the final judgment dissolving these parties' marriage, remanding for further proceedings. *Broga v. Broga*, 166 So. 3d 183, 188 (Fla. 1st DCA 2015). The former husband appeals from the new order entered on remand, arguing the trial court erred in three respects: in imputing $80,000 of income to him on the assumption that he could secure a job as a

corporate pilot while still maintaining his equal timesharing with the parties' minor children in Tallahassee; in requiring him to carry life insurance to secure payment of child support; and in ordering him to pay all of the former wife's attorney's fees for the first appeal and all post-remand proceedings. We affirm the life insurance requirement without further comment, but reverse the trial court's rulings on imputed income and attorney's fees and remand for further proceedings.

**<u>Imputed Income.</u>**

The former husband last worked as a pilot in 2013. The record evidence indicates that he is not qualified for a commercial pilot position because he does not have a bachelor's degree. He would have to undergo re-certification training to qualify to pilot some aircraft, at great expense and far away from home. He has tried without success to obtain a corporate pilot position. At the time of the post-remand hearing, he was working for the state as a medical disability examiner earning $35,000 a year.

At the evidentiary hearing on remand, the former wife again failed to adduce competent, substantial evidence to support the trial court's imputation of $80,000 income to the former husband. The former wife's expert testified that he was unaware of any current corporate pilot positions in Tallahassee for which the former husband would qualify and that would work with the equal timesharing plan. The expert testified that contract pilot jobs—single, daily flight jobs—are

always available through word of mouth, but he did not testify as to the income that could be earned through such ad-hoc flights. The former wife also failed to adduce evidence sufficient to establish the geographic bounds of the relevant employment community, and likewise failed to establish that the former husband could obtain a pilot position making $80,000 within an appropriate geographic area. Given this failure of proof, the trial court improperly imputed income to the former husband. *See Broga*, 166 So. 3d at 186; *Leonard v. Leonard*, 971 So. 2d 263, 266 (Fla. 1st DCA 2008) (holding court abuses its discretion if findings on imputed income are not supported by competent, substantial evidence). We therefore again reverse the imputation of income to the former husband.

The former husband argues that, because the former wife already has had two opportunities to prove that income should be imputed to him and in what amount, and has failed, she should not be given a third bite at the same apple. While we agree that the evidence already of record is not legally sufficient to support the imputation order currently before the Court, the parties continue to have the right to seek relief on the basis of changed circumstances. *See* § 61.14, Fla. Stat. (2017). Absent legally sufficient evidence to support imputed income, however, the trial court must re-calculate former husband's child support obligations and arrearages on the basis of his actual earnings. *Nicholas v. Nicholas*, 870 So. 2d 245, 248 (Fla. 2d DCA 2004) (instructing trial court to base alimony

3

and child support on actual income upon failure of proof to support imputed income).

**Attorney's Fees.**

Because the trial court's attorney-fee award was based on imputed income that we have reversed, the award cannot stand. We note also that the former husband obtained relief on the merits in the first appeal and again in this appeal, which must be taken into account. In addition, the trial court failed to make findings of fact distinguishing between costs of litigation attributable to improper vexatious litigation, and costs that would have been incurred absent any such inappropriate litigiousness. An award of fees for inequitable conduct should be rare, and must be supported by highly specific findings of fact. *Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002) ("[A] finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings."). Any such award also must be apportioned between attorney's fees and costs attributable to inappropriate conduct and those that would have been incurred in normal litigation. *See Myrick v. Myrick*, 214 So. 3d 769, 772 (Fla. 2d DCA 2017) (holding "trial court must also explicitly apportion the amount of the award that is directly related to the attorney fees and costs that the opposing party incurred as a result of the additional work caused by the specific bad faith conduct of the other party").

4

Finally, the trial court also improperly failed to determine whether the former husband had the ability to pay the fee award. *Sutter v. Sutter*, 578 So. 2d 788, 788–89 (Fla. 4th DCA 1991) (reducing award of fees to correspond to payor spouse's ability to pay, regardless of that spouse's litigiousness). On remand, the trial court must make appropriate findings, supported by competent, substantial evidence, resolving these issues.

AFFIRMED in part, REVERSED in part, and REMANDED.

WINOKUR and WINSOR, JJ., CONCUR.