# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-450

———————————————

JENNIFER MASINO,

    Appellant,

    v.

THEODORE P. MASINO,

    Appellee.

———————————————

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

September 14, 2018

PER CURIAM.

The former wife raises six issues with the trial court's final judgment of dissolution. We reverse the imputation of income, which requires us to reverse the court's determinations of alimony and attorneys' fees as well; but we affirm the judgment in all other respects.

A trial court may impute income to a former spouse who is "voluntarily unemployed or underemployed due to the pursuit of his or her own interests, or a less than diligent effort to find employment paying at a level equal to that formerly enjoyed." *Swain v. Swain*, 932 So. 2d 1214, 1215 (Fla. 1st DCA 2006). Before imputing income, the court is also required to make "particularized findings regarding work history, occupational qualifications, and the current job market in the community." *Broga v. Broga*, 166 So.

3d 183, 185 (Fla. 1st DCA 2015). Those findings must be supported by competent, substantial evidence. *Rabbath v. Farid*, 4 So. 3d 778, 782 (Fla. 1st DCA 2009). A failure to make the required findings constitutes reversible error. *Broga*, 166 So. 3d at 186. Because alimony and attorneys' fees awards are based, at least in part, on the parties' incomes, a reversal of imputed income compels a reversal of these awards as well. *Rabbath*, 4 So. 3d at 784–86.

In determining alimony, the trial court imputed income to the former wife without the requisite evidentiary support and without making the requisite particularized findings. The trial court determined that the former wife was voluntarily underemployed and could be making $92,000 a year based on data from the Bureau of Labor Statistics, but the BLS data does not appear in the record, and the court failed to make particularized findings on the local job market for a person with the former wife's occupational qualifications. *See, e.g.*, *Broga v. Broga*, 227 So. 3d 239, 240–41 (Fla. 1st DCA 2017). We therefore reverse the imputation of income to the former wife.

Because the trial court expressly based the alimony award on the imputed income, we must reverse that portion of the final judgment as well. Finally, we must reverse the attorneys' fee award, because it is not clear from the record whether the trial court based the fee award on the former wife's actual or imputed income. On remand, the trial court must base alimony and fees on the former wife's actual income or on properly-supported imputed income.

We REVERSE the final judgment in part, AFFIRM it in part, and REMAND to the trial court for further proceedings.

ROWE, OSTERHAUS, and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

2

Andrew D. Wheeler of The Wheeler Firm, Fort Walton Beach, for Appellant.

David A. Carroll, Pensacola, for Appellee.