# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-689

———————————————

ARTHUR COLLIN CHERRY,

    Appellant,

    v.

KATHERINE HIETT VIKER,

    Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
Stewart E. Parsons, Senior Judge.

September 25, 2018

ON MOTION FOR REVIEW

PER CURIAM.

Appellant filed a motion for review in this Court pursuant to Florida Rule of Appellate Procedure 9.400(c), seeking review of an order awarding Appellee $7,300 in appellate attorney's fees. For the reasons discussed below, we reverse.

In October 2015, Appellant petitioned the trial court to modify a parenting plan and change his child support obligation. During the course of that litigation, Appellee filed a motion seeking temporary attorney's fees, and the trial court awarded her fees totaling $25,000. On appeal of that order, this Court reversed and remanded because the award was not supported by competent, substantial evidence. *Cherry v. Viker*, 197 So. 3d 1292

(Fla. 1st DCA 2016). During the pendency of that appeal, Appellee filed a motion for appellate attorney's fees pursuant to Florida Rule of Appellate Procedure 9.400(b). The same day the opinion issued reversing the temporary fees award, this Court issued an order remanding Appellee's motion for attorney's fees to the trial court. That order authorized the trial court to award appellate attorney's fees to Appellee if she could prove her entitlement pursuant to section 61.16, Florida Statutes, and *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997).

On remand, the trial court found that the parties had a relatively equal ability to pay, but held that Appellee was entitled to fees in equity pursuant to *Rosen* because the appeal was unnecessary. Specifically, the court found that after the appeal was filed, Appellee indicated that if Appellant dismissed the appeal, she would be willing to set aside the order awarding her temporary fees and have another hearing on the matter. The trial court concluded that "[Appellant's] refusal to accept [Appellee's] offer to concede error and set aside the award of temporary fees forced her to incur appellate fees that were unnecessary and could have been avoided."

We review the trial court's order awarding appellate attorney's fees for an abuse of discretion. *See Pellar v. Granger Asphalt Paving, Inc.*, 687 So. 2d 282, 284 (Fla. 1st DCA 1997). We conclude that the trial court abused its discretion when it found that Appellant's conduct was a basis to award appellate attorney's fees.

Section 61.16(1), Florida Statutes, which provides for the award of appellate attorney's fees in family law cases, states in part,

> In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, unless an appellate party's cause is deemed to be frivolous.

Thus, pursuant to section 61.16, the relative financial resources of the parties are the "primary factor" to be considered when determining which party should receive appellate fees. *See*

2

*Rosen,* 696 So. 2d at 700. However, because proceedings in chapter 61 are "in equity and governed by basic rules of fairness," the court may consider "other relevant circumstances" when awarding fees, including "the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." *Id.* This Court has held that "[a]n award of fees for inequitable conduct should be rare, and must be supported by highly specific findings of fact." *Broga v. Broga*, 227 So. 3d 239, 241 (Fla. 1st DCA 2017).

In finding that the trial court abused its discretion in awarding appellate fees, we note three important factors. First, if Appellant dismissed his appeal, the trial court would not be required to set aside its order just because the parties agreed to set it aside, although it would not be prevented from doing so. *See Helmich v. Wells Fargo Bank, N.A.*, 136 So. 3d 763, 765 (Fla. 1st DCA 2014) (noting that trial court may revisit non-final, interlocutory orders). If Appellant abandoned his appellate rights, the erroneous order would still be in place. Second, Appellee is not blameless. *Cf. Bane v. Bane*, 750 So. 2d 77, 79 (Fla. 2d DCA 1999) (reversing award of attorney's fees based on former husband's "misconduct" where "the record indicates . . . that the Former Wife was not blameless and her negligence played a part in the way the case progressed"). Appellant's refusal to accept Appellee's offer to concede error did not prevent Appellee from conceding error on appeal in this Court. Had Appellee conceded error, she could have avoided most—if not all—of her appellate attorney's fees.[*] Third, Appellant's appeal was successful, and as a result, he is no longer liable for $25,000 in improperly awarded fees. While the fact that Appellant was successful on appeal alone would not necessarily bar Appellee from receiving attorney's fees based on her relative ability to pay,

_____

[*] Appellee argued on appeal that the order was supported by competent, substantial evidence and should be affirmed. She has never made any concession of error before this Court. She also sought enforcement of the order below.

*see Lamolinara v. Lamolinara*, 85 So. 3d 1147, 1149 (Fla. 1st DCA 2012), it should be considered in an equitable analysis. *Cf. Broga*, 227 So. 3d at 241 (reversing award of appellate and trial attorney's fees based on improperly imputed income and noting that "the former husband obtained relief on the merits in the first appeal and again in this appeal, which must be taken into account"). In this instance, the trial court abused its discretion because equity does not warrant requiring Appellant to pay Appellee's appellate attorney's fees. Accordingly, we reverse.

LEWIS, WETHERELL, and RAY, JJ., concur.

-------------------------

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

-------------------------

A. Collin Cherry of The Law Office of Collin Cherry, P.L., Tallahassee, Appellant.

Emilian "Ian" Bucataru, Tallahassee, for Appellee.